LEWIS BAILEY, Administrator of Stephen Benedict, deceased, plaintiff in error *v.* JAMES B. CAMPBELL, defendant in error.

*Error to La Salle.*

In order to enable an administrator to maintain an action for the use and occupation of a farm, the plaintiff, or his intestate, must have been the owner of the premises, or there must have been an express contract on the part of the defendant to pay rent.

If the Court, in giving instructions to the jury, use an ambiguous word, but at the same time the language of the statute, the party who desires more explicit instructions upon the meaning of the term, should ask such explanations as he may deem necessary. If he fail to do so, it is too late to complain in the Supreme Court.

A judgment for *costs* cannot be rendered against an administrator.

The bill of exceptions in this case shows that Bailey, the plaintiff in error, made improvements upon a lot of public land, by cultivating the same, and erecting a dwelling house thereon, previous to the year 1829, and that he afterwards sold his improvements to his intestate. The intestate leased the same for one year, to one Bartholomew, who leased the same to one McKernan, who sold the improvements to the defendant, Campbell, who occupied and improved the premises during the years 1829, 1830, and 1831.

The cause was tried at the April term, 1831, of the La Salle Circuit Court, and a judgment rendered for the defendant, for costs.

The instructions given to the jury, appears in the opinion of the Court.

L. BIGELOW, for the plaintiff in error, relied upon the following points and authorities:

1. Where a lessee continues in possession after the expiration of his term, he may be treated as impliedly agreeing to become tenant from year to year, on the terms of the original lease, and

Bailey *v.* Campbell.

will be liable to the lessor in an action for use and occupation, upon an implied contract. 2 Blac. Com. 147, n. 3, and 151, n. 5; 1 Cruise's Dig. 282; Chitty on Cont. 96; Ellis *v.* Paige *et al.*, 1 Pick. 43; Brewer *v.* Knapp *et al.*, do. 332; Abeel *v.* Radcliffe, 13 Johns. 297; same *v.* same, 15 do. 505; 2 Comyn on Cont. 518.

2. An under-lease, or conveyance of the whole term by the lessee, amounts to an assignment of the lease. Bac. Abr., *Leases,* &c. I. 3; 2 Blac. Com. 327, n. (57);—and 3 do. 171—2; 4 Cruise's Dig. 111; Phillips *v.* Rothwell, 4 Bibb, 33; Cox *v.* Fenwick, do. 528; 2 Saund. Plead. 627.

3. If a term be assigned by the lessee, the assignee stands in his place, and is liable to the lessor for the rent in the same manner and to the same extent that the lessee would be. Benson *v.* Bolles, 8 Wend. 175.

4. A tenant is not permitted to dispute his landlord's title, whether such tenant be the original lessee or his assignee. Chitty on Cont. 99; 2 Stark. Ev. 533;—3 do. 1517; 2 Blac. Com. 327; Phillips *v.* Rothwell, 4 Bibb 33; 2 Pirtle's Dig. 37, § 3, 5, 7, 9.

5. An action for use and occupation, may be maintained upon an implied, as well as on an express, contract. Chitty on Cont. 106, n. †, and 107, n. (k.); 3 Stark. Ev. 1517; 2 Comyn on Cont. 512 *et seq.*; 2 Saund. Plead. 890—3, 627; Osgood *v.* Dewey, 13 Johns. 240; Hull *v.* Vaughan, 6 Price 157; Jacks *v.* Smith, 1 Bay 315; Smith *v.* Sheriff, do. 443; Calvert *v.* Simpson, 1 J. J. Marsh. 548; Stat. Feb. 13, 1827, § 1.(1)

6. A person who has made or bought improvements upon a tract of public land, which entitle him to a pre-emption under the laws of the United States, has a right of possession against all except the United States, and may be regarded as the owner of the land within the act concerning landlords and tenants. 1 Saund. Plead. 454, 464; 2 do. 866; Ross *et al. v.* Reddick, decided Dec. term, 1832;(2) Davis *v.* Mason, 4 Pick. 156.

7. The holding over of a lessee or his assignee, is not a *disseizin* of the lessor, unless he request possession and it be refused him; and not even then, except at his election, he having a right to treat such wrongful detention as a *disseizin,* if he chooses to do so, for the sake of his remedy. 1 Cruise's Dig. 280; 5 do. 357, 373; 3 Blac. Com. 170—3; Taylor *v.* Horde, 1 Burr. 60; Ricard *v.* Williams *et al.* 7 Wheat. 59; Com'th. *v.* Dudley, 10 Mass. 403.

8. The death of a lessor does not operate as a determination of the tenancy. Chitty on Cont. 102, 103; 2 Blac. Com. 150, n. 4; 1 Cruise's Dig. 285, 255.

9. The owner of improvements on public land, has no such estate as will descend to his heir; but the same, together with

(1) R. L. 675; Gale's Stat. 435.　　(2) *Ante* 73.

the rents thereof, will belong to his executor or administrator. Perhaps the estate is a mere chattel interest. Stat. Feb. 15, 1831;(1) Toller, 179, 437, and authorities there cited; Lombard v. Ruggles, Amer. Jurist, xx. 485.

T. FORD and DAVIS, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This is an action of *debt* for the use and occupation of a farm. The bill of exceptions states that it was proved or admitted on the trial, that the farm was public land on which improvements had been made and sold to the plaintiff's intestate, who leased the same to one Bartholomew, who leased the same to one McKernan; and that McKernan sold the improvements to the defendant, who entered and occupied the farm; for which occupation this action is brought. On this state of facts, the judge instructed the jury, that " the plaintiff or his intestate must have been the owner of the land, or that there must have been an express contract on the part of the defendant to pay rent, in order to entitle the plaintiff to recover." To which instruction the plaintiff excepted. The jury returned a verdict for the defendant, and judgment was entered thereon against the plaintiff for costs. To reverse this judgment, the cause has been brought to this Court by writ of error.

Was the instruction wrong? If it is intended to support this action under the "*Act concerning Landlords and Tenants*," the instruction being in the language of the statute, was right. If the word "owner," as used in the statute, is ambiguous, it was the duty of the plaintiff to have asked for such explanation of the term as he deemed necessary; not having asked for any explanation, it is too late to complain in this Court. Do the facts render the instruction wrong at common law? In order to maintain an action at common law for use and occupation, it is necessary to prove either that the defendant entered the premises by permission of the plaintiff, or that the actual relation of landlord and tenant existed. In this cause we must understand from the case, that the improvements were sold to the defendant, and that he purchased in the expectation of becoming the absolute owner of the improvements, and not the tenant of any person. Will the law presume that improvements purchased in this manner, created the relation of landlord and tenant, and imply that the entrance of the defendant was by permission of the plaintiff? We think not; for such presumption would entirely contradict the facts of the case. If the proof had established the fact that the defendant knew when he purchased the improvements in question, that the seller was a tenant, there can be no doubt that under such a state of the case, the law would have raised every

(1) R. L. 420; Gale's Stat. 434.

necessary presumption to prevent the defendant from availing himself of his own want of good faith, to defeat the action. The Court, therefore, is clearly of opinion, that the facts of this case would not have justified the Court in charging the jury that the plaintiff was entitled to recover without proving either an express contract to pay rent, or an admission on the part of the defendant, that he held as tenant of the plaintiff. In arriving at this result, the Court does not intend to deny the doctrine, that "a tenant is not permitted to dispute his landlord's title, whether such tenant be the original lessee or his assignee;" for, in our opinion, the facts do not warrant the idea that any such relation existed : nor do we intend to controvert the position that "a purchaser cannot obtain a better title than his vendor had." This doctrine, however, could not in this case raise either an express or implied promise on the part of the defendant, to pay rent.

Although the Court does not perceive any error in the charge of the judge, yet as the judgment is given for costs, it must be reversed. The suit was brought by an administrator, in the right of his intestate. In such a case the statute "Concerning Costs," does not give costs against the plaintiff.(1)

For this error, the judgment must be reversed so far as giving costs is concerned, and affirmed in other respects. The costs of this Court are divided between the parties.

*Judgment reversed,* and judgment rendered in this Court.

(1) A judgment for *costs* cannot be rendered against an administrator in his personal character. *Ante* 55.