RICHARD DUDDING, Plaintiff in Error, *v.* HARRIET HILL, Defendant in Error.

ERROR TO JACKSON.

The action for use and occupation is founded upon a contract, express or implied, and the relation of landlord and tenant must exist between the parties.

THIS cause was heard before DENNING, Judge, and a jury, at the May term, 1852, of the Jackson Circuit Court, and resulted in a verdict and judgment for the defendant in error. The facts will be found in the opinion of the court.

JOHN DOUGHERTY and C. G. SIMONS, for plaintiff in error.

RICHARD S. NELSON, for defendant in error.

TREAT, C. J.   This was an action of assumpsit for use and occupation, brought by Harriet Hill against Richard Dudding. The material facts in evidence were these. In September, 1844, T. B. Hill, the husband of the plaintiff, became seized in fee of lots five and six in block twelve, in the town of Murphysborough. In May, 1846, lot six was sold on execution against Hill, and bid in by Heiple, who assigned the certificate of purchase to Dudding. In August, 1846, lot five was sold under an execution against Hill, and bid off by Buesley, who assigned the certificate of purchase to Dudding. Dudding obtained a sheriff's deed for lot five in November, 1847, and for lot six in January, 1851. Hill died in May, 1849, in possession of the lots. There was a dwelling-house on lot five, and an inclosure on lot six. Mrs. Hill left the premises shortly after the death of her husband, but intended to return and occupy the same. In the fall of 1849, Dudding went into possession of the premises, and remained there until some time in the following year. It did not appear that there was any arrangement between

Mrs. Hill and Dudding respecting the premises, or that he acquired the possession with her assent or permission. The jury returned a verdict in favor of Mrs. Hill for $36, which the court refused to set aside.

The action for use and occupation is founded upon contract. It will only lie where there is a contract, express or implied. The relation of landlord and tenant must exist between the parties. This is the uniform language of the authorities. Smith *v.* Stewart, 6 Johns. 46; Pott *v.* Lesher, 1 Yeates, 576; The City of Boston *v.* Binney, 11 Pick. 1; Hofar *v.* Dement, 5 Gill, 132; Rogers *v.* Wiggs, 12 B. Monr. 504; Brewer *v.* Craig, 3 Harrison, 214; Ballentine *v.* McDowell, 2 Scam. 28. In this case, there was no pretence for holding that the relation of landlord and tenant existed between the parties. Dudding went into possession of the premises under a claim of title, and not as the tenant of Mrs. Hill. His possession was not subservient to her title, but purely of an adverse character. He consequently was not liable in an action for use and occupation. If Mrs. Hill was entitled to the possession of the lots, her remedy was in an action of trespass or ejectment. The verdict was clearly against the law and evidence; and the court erred in not granting a new trial.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*