DAVID McNAIR, Plaintiff in Error, *v.* JACOB SCHWARTZ, Defendant in Error.

ERROR TO JACKSON.

Assumpsit for use and occupation is founded upon a contract creating a tenancy, and will only lie where the relation of landlord and tenant exists.

If one acquires the possession of land under a contract of sale, and refuses to perform the contract, the vendor cannot maintain assumpsit for use and occupation, but may in ejectment recover *mesne* profits.

The holding in such case is under a purchase, and not under a demise.

THIS cause was heard before DENNING, Judge, and a jury, at September term, 1853, of Jackson Circuit Court. Verdict and judgment for the plaintiff in the Circuit Court. The defendant sued out this writ of error.

W. J. ALLEN and C. G. SIMONS, for Plaintiff in Error.

J. DOUGHERTY and J. LOGAN, for Defendant in Error.

TREAT, C. J.    This was an action of assumpsit, brought by Schwartz against McNair.    The declaration was for the use and occupation of a farm.    It appeared in evidence, that in June, 1845, McNair purchased the farm of Schwartz, and gave his promissory notes for the price, the last falling due in November, 1848; and received from Schwartz a bond for the conveyance of the farm on the payment of the notes.    McNair went into possession under the contract, and continued in possession, cultivating and improving the farm, until February, 1852; he also made some payments on the notes.    The jury returned a verdict in favor of Schwartz, and the court refused to grant a new trial.

The action of assumpsit for use and occupation is founded upon a contract creating a tenancy.    It will only lie where the relation of landlord and tenant exists between the parties; this is an established rule of law: see *Dudding* v. *Hill*, 15 Ill. 61, and the cases there cited.    If a party acquires the possession of land under a contract of sale, and afterwards refuses to perform the contract, the vendor cannot maintain assumpsit against him for use and occupation, but must resort to an action of ejectment to recover *mesne* profits.    The relation between the parties is that of vendor and vendee, and not that of landlord and tenant.    The holding is under a purchase and not under a demise: *Smith* v. *Stewart*, 6 John. 46; *Bancroft* v. *Wardell*, 13 ibid, 489; *Vanderheuvel* v. *Storrs*, 3 Conn. 203; *Hough* v. *Birge*, 11 Vt. 190.    The latter clause of Sec. 1, Chap. 60, Rev. Stat., does not change the common law in this respect.    It only applies to the case of a demise, where there is no special agreement as to rent.

In this case it is perfectly clear that the action cannot be maintained.    The facts furnish no evidence of a tenancy.    McNair acquired and retained the possession of the farm as a purchaser, and not as a tenant.    There was no demise, express or implied.    It was the naked case of a sale, and a taking of possession by the vendee.    The remedy of Schwartz is by an action of ejectment, to recover the possession and *mesne* profits; or by a suit upon the notes, to recover the purchase money and interest.    The court erred in not awarding a new trial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*