DARIUS GREENUP, Appellant, *v.* ZENAS H. VERNOR, Appellee.

APPEAL FROM WASHINGTON.

A tenancy cannot be implied from the fact that a vendor remains in possession of the premises after a sale, so as to authorize an action for use and occupation.

THIS cause was heard before UNDERWOOD, Judge, without the intervention of a jury, at October term, 1854, of Washington Circuit Court.

P. E. HOSMER, for Appellant.

A. WATTS, for Appellee.

TREAT, C. J. Vernor sued Greenup before a justice of the peace. He claimed to recover $40.83, for the use and occupation of a town lot from the 9th of July, 1853, to the 14th of March, 1854. When the summons was served, Greenup paid to the constable the costs that had accrued in the case, and the amount demanded for the use of the lot from the 1st to the 14th of March, 1854. The cause was heard by the justice, and an appeal taken to the circuit court. It was submitted to that court on this state of facts: Vernor purchased the lot in question and received a conveyance thereof, on the 9th of July, 1853, at a commissioners' sale, made under a decree in a chancery suit, to which Greenup was a party. Greenup was then in possession of the lot, and remained in possession until the 14th of March, 1854. The lot, prior to the sale, belonged to him and the heirs of Lamb. It was proclaimed by the commissioner, at the time of the sale, that the purchaser would not be entitled to the possession of the lot till the 1st of March, 1854; but the decree contained no such provision, and there was no such reservation in the commissioners' deed. The use of the lot was worth $2.50 per month. The court gave judgment in favor of Vernor, for $18.

Sustaining the objection taken by Vernor to a portion of the evidence, and excluding from the case all that transpired at the sale, as to the right of the purchaser to the possession of the lot, it is still very clear that he is not entitled to recover in this form of action. The cases of *Dudding* v. *Hill*, 15 Ill. 61, and *McNair* v. *Schwartz*, ante, p. 24, are conclusive against his right to maintain this suit. The relation of landlord and tenant did not subsist between the parties. There was no contract between them, express or implied, to create that relation. If Greenup could be considered as the vendor of the lot, the law

of the case would be the same. There was no agreement by which he was to hold under Vernor. There is nothing in the mere circumstance of a vendor remaining in possession of premises after a sale, from which a tenancy can be implied, so as to enable the vendee to maintain an action for use and occupation. The remedy of the vendee in such case, is by an action for not delivering possession, or by ejectment: *Tew* v. *Jones*, 13 Meeson and Welsby, 12. The payment by Greenup to the constable was not a recognition of the right of Vernor to compensation for the use of the lot, prior to the 1st of March, 1854. It was, at most, only an admission that he held as tenant from that day.

The judgment is reversed.

*Judgment reversed.*