## Charlotte B. Hill v. The Coal Valley Mining Co.

1. Practice—*Action for Use and Occupation.*—The action for use and occupation is founded upon a contract, express or implied, and the relation of landlord and tenant must exist between the parties.

2. Adverse Possession—*May be Shown by Inference.*—Adverse possession may be shown by inference. A strong circumstance from which such possession may be inferred is the making of permanent improvements, such as the erection of division fences, the planting of orchards, or the erection of substantial buildings on the premises in controversy.

3. Same—*Holder Not Liable to Owner for Rent.*—The rule that one becomes liable who continues to occupy premises after being notified by the owner that he will be required to pay rent, does not apply where the possession is adverse or hostile to the owner.

4. Assumpsit—*Trial of Title to Land.*—Title to real estate can not be tried in an action of assumpsit.

5. Landlord and Tenant—*When Relation Does Not Exist.*—Negotiations between parties looking to the recognition of the relation of landlord and tenant, and to the payment of rent, past or future, where the terms were not agreed upon, do not create such a relation.

Assumpsit, for the use and occupation of lands. Appeal from the Circuit Court of Mercer County; the Hon. William H. Gest, Judge

presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

CONNELL & THOMASON, attorneys for appellant.

BROCK & SCOTT, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an action of assumpsit to recover rent for the use and occupation of certain lands and buildings thereon, situated in Richland, Grove township, Mercer county, Illinois. At the close of the plaintiff's case, the court on motion of the defendant directed the jury to find the issues for the defendant, and entered judgment against the plaintiff for costs. The plaintiff appeals.

The land in question, together with adjacent premises, has been the subject of litigation for years, between Thomas B. Ellis, P. L. Cable and others. A final decree was entered in the case directing a sale of the premises. Ellis became the purchaser and assigned his certificate of purchase to the plaintiff, to whom a deed was issued on September 10, 1888, and recorded two days later.

The premises conveyed by said deed were in section 16 of said township. Adjacent thereto and south therefrom, in section 21 of the same township, were lands owned by H. B. Sudlow, who erected a house, barn and other buildings thereon, long prior to the time that the deed above mentioned was issued to the plaintiff. Sudlow was continuously in the actual occupancy of the premises upon which he erected the buildings, together with other contiguous lands in section 21, until some time in 1891, when possession passed to Robert Lee, who used and occupied the buildings and grounds until the spring of 1893, when the title and possession passed to the defendant. The premises have been in the possession of tenants of the defendant from that time to the commencement of this suit.

The land for which rent is claimed by the plaintiff is about one-sixth of an acre, upon which a portion of the house erected by Sudlow is situated. The residue of the

house is conceded to be situated upon the premises of the defendant. Sudlow, Lee and the defendant, respectively, have had possession of this strip of land ever since the erection of the buildings and prior thereto, exercising the usual acts of ownership, including the erection of division fences. Against their acts and possession no adverse claim was ever asserted until some time in 1891, when the plaintiff claimed to be the owner.

The question is, what is the true division line between sections sixteen and twenty-one ? The plaintiff claims it is at a point which would leave the disputed strip on section sixteen, while the defendant claims the location of the true division line would leave the disputed strip on section twenty-one. Years prior to the assertion of the plaintiff's claim a survey had been made and was known as the Stoddard survey. Assuming this survey to be correct, the plaintiff's claim of ownership would be defeated. In 1891, at the instance of the plaintiff, William B. Frew, county surveyor of Mercer county, also made a survey to locate the disputed line. The result of this survey tended to confirm the contention of the plaintiff as to the location of the division line.

The plaintiff bases her right to recover on the following provisions of the landlord and tenant act :

" The owner of lands, his executors or administrators, may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by action of debt or assumpsit, in any court of competent jurisdiction, in any of the following cases. * * * When lands are held and occupied by any person without any special agreement for rent." (Ch. 80, R. S.)

The foregoing provisions of the statute have been in force without any material variation since 1845. The act of February 20, 1861, in no wise changed the provisions of the statute under which this suit is brought.

The action for use and occupation is founded upon a contract, express or implied, and the relation of landlord and tenant must exist between the parties. Dudding v. Hill, 15 Ill. 61; McNair v. Schwartz, 16 Ill. 24; Marr v. Ray, 151

Ill. 340. In this case no such relation is shown to exist. The evidence shows that the defendant and those from whom it took conveyance and possession held under claim of ownership, and asserted that claim constantly by their mode of using and occupying the premises. They continuously occupied or rented the premises. Using and controlling real estate as owner is the ordinary mode of asserting claim of title. Shaw v. Smithes, 167 Ill. 269. Adverse possession may be shown by inference. A strong circumstance from which such possession may be inferred is the making of permanent improvements such as the erection of division fences, the planting of orchards or the erection of substantial buildings on the premises in controversy. Nor are oral declarations of hostile possession indispensable. Grim v. Murphy, 110 Ill. 271; O'Flaherty v. Mann, 196 Ill. 304. We hold that the possession of the defendant was adverse to the alleged rights of the plaintiff and that none of the essentials of the relation of landlord and tenant are established by the evidence.

By this proceeding the plaintiff is attempting to establish a claim to land, the title to which is controverted. Title to real estate can not be tried in an action of assumpsit. King v. Mason, 42 Ill. 223.

But it is claimed that the plaintiff made demand upon the defendant for possession and served notice that it would be required to pay rent thereafter; and that there were several interviews between the agents of the parties in which the defendant agreed to pay rent if a reasonable amount could be agreed upon, and that therefore there was an implied promise to pay for the use and occupation of the premises from the date of such alleged promise. No agreement to pay rent was reached in any of these interviews. None of the propositions or counter propositions were ever accepted or acted upon by either party. Negotiations between parties looking to the recognition of the relation of landlord and tenant, and to the payment of rent, past or future, where the terms were not agreed upon, do not create such a relation. Taylor's Landlord and Tenant, 2d Ed.,

Sec. 21; Lathrop v. Standard Oil Co., 9 S. E. Rep. 1041; Ballentine v. McDowell, 2 Scam. 28.

The rule that one becomes liable who continues to occupy premises, after being notified by the owner that he will be required to pay rent, does not apply where the possession is adverse or hostile to the owner. Fender v. Rogers, 97 Ill. App. 280.

Finding the record free from error the judgment of the Circuit Court will be affirmed.