## Susan M. Jackson, Appellee, v. William F. Reeter, Appellant.

1. ASSUMPSIT, ACTION OF, § 59*—*when no recovery for compensation for use and occupation at common law.* At the common law, rents or compensation for use and occupation could not be recovered except where the relation of landlord and tenant was shown to exist.

2. ASSUMPSIT, ACTION OF, § 59*—*when recovery for compensation for use and occupation may be had under statute.* To be entitled to recover under section 1 of chapter 80, Rev. St. (J. & A. ¶ 7039), upon the theory of an implied promise to pay reasonable compensation for the use of land, one must be the owner of some estate in the premises and the possession must not be under claim of title or adverse to that of the owner or under an agreement that he need not pay rent.

3. ASSUMPSIT, ACTION OF, § 64*—*when no recovery for compensation for use and occupation may be had.* One having a mere right to redeem land claimed by the occupier under an adverse title has no right of action against such person, either at common law or under the statutes, either for rent or compensation for use and occupation.

Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1915. Reversed with finding of fact. Opinion filed October 13, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Thomas B. Jack, for appellant.

R. C. Neff, for appellee.

Mr. Justice Graves delivered the opinion of the court.

This is an appeal from a judgment in a suit in assumpsit brought by appellee against appellant in the Circuit Court of Christian county to recover from appellant for the use and occupation of certain farm lands. Appellant filed a plea of the general issue with notice that on the trial he would show no privity between plaintiff and defendant as to her demand; no title in plaintiff to the rents demanded from defendant; and estoppel by decree. The trial was by the court, jury being waived. The judgment was for appellee for $662.50 and for costs.

There is no serious conflict in the evidence. Most of the facts are stipulated. So far as they are material for the determination of this appeal the facts are as follows: One Johnson, a brother of appellee, formerly owned the real estate in question. He borrowed of appellant about $6,850 and gave him a deed of the premises to secure the loan but retained possession. Later he filed a bill in chancery to redeem the premises from appellant. In that proceeding a decree was entered fixing the amount due appellant from Johnson and ordering Johnson to pay appellant the amount found due by a certain date, or be forever foreclosed of all his rights in the premises. Johnson failed to pay the amount decreed by the date fixed and was dispossessed of the premises by means of a writ of assistance. Appellant then occupied the premises for one cropping season. Just before the expiration of the time fixed in the decree in which Johnson could redeem, his sister, the appellee here, obtained a judgment against him and, after offering to pay appellant the money he had invested in the premises with inter-

est and cost, filed her bill to redeem as a creditor. In due time a decree was entered in that suit providing that she could redeem by paying to appellant the amount of his claim together with certain interest and costs. Appellee complied with the conditions and paid appellant his money, whereupon he surrendered possession to her. Soon thereafter this suit was commenced by appellee to recover of appellant rents or a fair and reasonable satisfaction for the use and occupation of the premises for the time he was in possession thereof, with the result already stated.

At the common law, rents or compensation for use and occupation could not be recovered except where the relation of landlord and tenant was shown to exist. *Fender v. Rogers,* 97 Ill. App. 280; *Hadley v. Morrison,* 39 Ill. 393; *Hill v. Coal Valley Min. Co.,* 103 Ill. App. 41; *Dudding v. Hill,* 15 Ill. 61; *McNair v. Schwartz,* 16 Ill. 24; *Greenup v. Vernor,* 16 Ill. 26; *Bailey v. Campbell,* 2 Ill. 110.

The only statutory enactment that changes this common-law rule is section 1 of chapter 80, Rev. St. (J. & A. ¶ 7039), which provides: ''That the owner of lands, his executors or administrators, may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by action of debt or assumpsit, in any court of competent jurisdiction, in any of the following cases:'' then follows a list of five conditions upon which such recovery may be had. The second of those conditions is: ''When lands are held and occupied by any person without any special agreement for rent.'' It is under this clause of the statute appellee claims to be entitled to recover.

That clause when construed with the part of the section which precedes it plainly means that rents or fair and reasonable satisfaction for the use and occupation of lands held and occupied by one person and owned by another may be collected by the owner in

an action of debt or assumpsit. When one party occupies the premises of another without any agreement for the payment of rent, the law implies a promise on the part of the occupant to pay the owner, for the use and occupation thereof, a reasonable rental value. *W. C. Walsh & Co. v. Taylor,* 142 Ill. App. 46. On page 48 of the opinion in that case Mr. Justice Holdom says: ''Aside from the presumptions of law, the statutes of this State in terms give the same remedies to owners against occupants when the relation of landlord and tenant does not exist, as such owner would have if such relationship existed.'' He then quotes the parts of section 1 of chapter 80, Rev. St. here under consideration.

To be entitled to recover under the statute quoted, upon the theory of an implied promise to pay reasonable compensation therefor, one must be the owner of some estate in the premises and the possession of the other must not be under claim of title or adverse to that of the owner or under an agreement that he need not pay rent. (*Oakes v. Oakes,* 16 Ill. 106.) Or where there is an express disclaimer that he holds under such owner. (*Woodyatt v. Connell,* 38 Ill. App. 475.) The theory of such liability is that the one in possession recognizes the title of the owner and holds under him.

Appellee was not the owner of the land occupied by appellant, or of any estate in it while he was in possession. Nor did he recognize her as having any right, title or interest in it. He held it adversely to her. She was not the owner of the premises or any estate in it while she was claiming the right to redeem, nor at least until she had redeemed, if she was then. When she paid the amount fixed by the court as due appellant in the decree awarding her the right to redeem, he immediately surrendered possession to her. He therefore was never in possession under her and owed her no obligation to compensate her for use and occupation. Whether appellee is yet the owner of the

premises or can be until the same are sold under an execution on the judgment made the basis of her redemption proceeding we do not here determine, because it is not involved. Neither do we consider it necessary to determine whether the decree awarding her a right to redeem is *res judicata* as to the question whether appellant owed any one rent, or compensation for use and occupation to any one.

It is clear to our minds that appellee has no right of action against appellant either at the common law or under the statutes, either for rent or compensation for use and occupation.

The judgment of the Circuit Court is therefore reversed with a finding of fact to be incorporated in the judgment of this court.

*Judgment reversed with finding of fact.*

Finding of fact. We find as an ultimate fact that appellee did not own the premises in question or any interest, title or estate therein while appellant was in possession thereof.