Dollie F. Leitch and Olive A. Leitch, Appellants, v. New York Central Railroad Company et al., Defendants. Chicago Junction Railway Company, Appellee.

## Gen. No. 42,458.

Heard in the third division of this court for the first district at the October term, 1942. Opinion filed February 2, 1944.

James J. Barbour and Edward H. S. Martin, both of Chicago, for appellants.

Winston, Strawn & Shaw, Sidney C. Murray, Marvin A. Jersild and W. A. Morrow, all of Chicago, for appellee; Frank B. Gilmer, Marvin A. Jersild, W. A. Morrow and Walter M. Fowler, all of Chicago, of counsel.

Mr. Justice Kiley delivered the opinion of the court.

This is an appeal from that part of a judgment under which plaintiffs failed to recover from the Chicago Junction Railway Company in their action against it and others for compensation for use and occupation of certain lands. Judgment for $29,000 was entered

against the Junction Company's lessee, the Chicago River and Indiana Railroad Company, for use and occupation for five years preceding commencement of the suit April 17, 1934. No recovery was had against other defendants whom this appeal does not affect.

Certain lands owned by plaintiffs or their predecessors were leased to the Union Stock Yard & Transit Company for many years prior to 1917 on a yearly basis. December, 1913, the Stock Yards Company made a lease with the Junction Company and in May, 1922, the Junction Company made a lease to the River Road of all property included in its lease from the Stock Yards Company. There was no lease between plaintiffs and Junction Company. The Junction Company admits having occupied and used a 34 foot strip of plaintiff's property from December 1, 1913 to May 19, 1922, except from December, 1917, to March, 1920. In January, 1918, the Junction Company filed a condemnation suit to acquire the 34 foot strip and an injunction issued restraining plaintiffs from "attempting to interfere, or interfering by legal proceedings or otherwise" with the Junction Company's possession. This suit was dismissed in May, 1934.

It is apparent from the record that the trial court decided that any claims the plaintiffs may have had for compensation for years prior to 1929, were barred by the Statute of Limitations. The issue here is whether the injunction in force from January, 1918, to May, 1934, restraining plaintiffs from interfering with Junction Company's possession tolled the statute. Plaintiffs say that if the injunction restrained any action by them for use and occupation of their property, the judgment for the Junction Company should be reversed, otherwise affirmed.

Since the injunction issued in the suit to condemn the 34 foot strip and since plaintiffs' contentions are based on the injunction, it is apparent that the claim

for compensation is limited to the 34 foot strip. Plaintiff has cited many cases as authority for their view that our decision should rest on a consideration whether any action by them for rent or use and occupation would have violated the letter or the spirit of the injunction. No cases cited have been helpful upon the precise point which will resolve the issue, that is whether a suit by plaintiffs for rent or use and occupancy would have been an attempt to interfere or an interference with the Junction Company's possession of the 34 foot strip.

The injunction does not expressly prohibit a suit for rent or use and occupation. Contrary to plaintiffs' view, that such a suit alone would interfere with Junction Company's possession, we believe that it would rather confirm its right to possession, for it would be, necessarily, founded on an express or implied relationship of landlord and tenant (*Jackson v. Reeter*, 201 Ill. App. 29), giving defendant the right to possession. A simple assumpsit action for compensation for use and occupation is not a possessory action, would not have challenged the Junction Company's possession, and would have been proper because there was no special agreement for rent. (Ch. 80, sec. 1, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 72.01].) We cannot see any merit to plaintiffs' contention that the injunction tolled the Statute of Limitations and, since that point is the only one involved in the appeal, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.