GRAUE MILL COUNTRY CONDOMINIUM ASSOCIATION NO. 1 et al., Plaintiffs-Appellants, v. GARY-WHEATON BANK, as Trustee, et al., Defendants-Appellees.

Second District No. 2—90—0639

Opinion filed May 8, 1991.

David J. Freeman, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellants.

Leigh R. Pietsch, of Pietsch, Cuchna, Popejoy & Whelan, of Wheaton, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, a condominium association and a homeowners association, appeal from a directed finding in favor of defendants, Thomas and Roseann Glynn, and Gary-Wheaton Bank as trustee, in a forcible entry and detainer action. The issue on appeal is whether plaintiffs' failure to prove service of the requisite 30-day notice upon defendants required the trial court to dismiss plaintiffs' claim for $3,624 in unpaid maintenance assessments. We conclude that it did not and therefore reverse the trial court.

The Glynns are beneficial owners of a land trust which holds title to a condominium unit. Gary-Wheaton Bank is the land trustee. On January 28, 1990, plaintiffs filed suit against these defendants for possession of the unit pursuant to the forcible entry and detainer provisions of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 9—101 et seq.) and recovery of $3,624 in unpaid maintenance assessments, plus attorney fees. Under section 9—104.1 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 9—104.1), condominium owners must receive a written demand and notice of the amount allegedly due at least 30 days before a forcible entry and detainer action is filed. At trial, plaintiffs were unable to prove that such a notice had been properly served upon defendants. The trial court therefore entered a directed finding in favor of defendants.

Plaintiffs subsequently sought partial reconsideration of the directed finding on the basis that, even if the requisite 30-day notice was not properly served, this would only bar their claim for possession of the unit, not the claim for the unpaid assessments. The trial judge denied the motion and plaintiffs now appeal. Although defendants have filed no brief on appeal, we will consider the merits of the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

The circumstances of this case are similar to those of *Sianis v. Kettler* (1988), 168 Ill. App. 3d 1071. In *Sianis*, a landlord sued a tenant for possession of the leased premises pursuant to the forcible entry and detainer provisions of the Code and also sought a judgment for overdue rent. The court held that plaintiff's failure to comply with the five-day written demand notice requirement set forth in section 9—209 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 9—209) did not affect the trial court's authority to consider plaintiff's claim for unpaid rent. (*Sianis*, 168 Ill. App. 3d at 1074.) In so holding, the court noted that section 9—209 authorizes joinder of claims for rent in forcible entry and detainer actions. It then stated as follows:

> "The legislature intended to promote judicial economy by authorizing joinder. It did not intend to burden an action for rent with a notice requirement, which would not be necessary if the action was maintained separately. An action *for rent* is founded on an express or implied contract. [Citation.] It should not be burdened by a statutory notice that is required in an action for *possession.*" (Emphasis in original.) 168 Ill. App. 3d at 1074.

■■ ■ The same reasoning is applicable in the case at bar. While this case involves a claim for condominium assessments rather than rent, section 9—111 of the Code (Ill. Rev. Stat. 1989, ch. 110, par.

9—111) allows joinder of a claim for such expenses in a forcible entry and detainer action involving condominium property. Such a claim involves an implied or express contract just as a claim for rent does. We can perceive no reason why the *Sianis* rationale should not apply to these circumstances since it does not appear that the legislature intended to burden an action for condominium assessments with a notice requirement any more than it intended to burden an action for rent with such a requirement. The trial court therefore erred by refusing to consider plaintiffs' claim for the unpaid condominium assessments and attorney fees.

Accordingly, we reverse the judgment of the trial court entering a directed finding in favor of defendants insofar as it pertains to plaintiffs' claim for unpaid condominium assessments and attorney fees. We remand this cause with directions to proceed as if the finding had not been made in regard to the unpaid condominium assessments and attorney fees in order to allow the trial court to decide this issue on the totality of the evidence presented.

Reversed and remanded.

REINHARD, P.J., and NICKELS, J., concur.