Docket No. 92971–Agenda 30–September 2002.

KNOLLS CONDOMINIUM ASSOCIATION, Appellant, v. MARY E. HARMS, Appellee.

Opinion filed November 21, 2002.

JUSTICE THOMAS delivered the opinion of the court:

The issue in this case is whether a condominium unit owner can assert the homestead exemption contained in section 12–901 of the Code of Civil Procedure (the Code) (735 ILCS 5/12–901 (West 2000)) as an affirmative defense to a condominium association’s action in forcible entry and detainer brought because of the unit owner’s nonpayment of maintenance assessments. The circuit court of Du Page County answered this question in the negative and entered judgment for possession in favor of the condominium association. The appellate court reversed, with one justice dissenting. 326 Ill. App. 3d 18. We granted leave to appeal (177 Ill. 2d R. 315(a)) and now reverse the judgment of the appellate court.

BACKGROUND

The plaintiff, Knolls Condominium Association, filed a complaint in forcible entry and detainer against the defendant, Mary E. Harms. The complaint alleged that plaintiff was entitled to possession of a certain condominium unit owned by defendant in Willowbrook, Illinois, because defendant failed to pay plaintiff $2,326.40 in maintenance assessments, plus costs and attorney fees, as required by the condominium declaration. The complaint further alleged that defendant was unlawfully withholding possession of the premises from plaintiff.

Defendant answered the complaint by denying that plaintiff was entitled to possession of the property or that she was unlawfully withholding possession from plaintiff. Additionally, defendant asserted as an affirmative defense that she owned and occupied the property and, therefore, was entitled to an estate of homestead to the extent of $7,500 in the property.

At the hearing on the matter, the parties stipulated that defendant owed plaintiff past-due maintenance assessments of $2,326.40. Defendant then argued that an estate of homestead was a proper defense to plaintiff’s action for possession. In response, plaintiff argued that various provisions of the Condominium Property Act (765 ILCS 605/1 
et seq.
 (West 2000)), and of article IX of the Code of Civil Procedure (hereinafter, the Code or the forcible entry and detainer statute) (735 ILCS 5/9–101 
et seq.
 (West 2000)), specifically afford a condominium association the right to maintain an action for possession against a unit owner for nonpayment of assessments. The trial court agreed with plaintiff and found that the specific language of the statutory authority relied upon by plaintiff controlled over the more general language of the homestead exemption relied upon by defendant.

A divided appellate court reversed the judgment of the trial court. In so doing, the appellate court majority relied upon the principle of 
inclusio unius est exclusio alterius
, the enumeration of certain exceptions in a statute is construed as an exclusion of all others. The appellate court majority found that section 12–903 of the Code (735 ILCS 5/12–903 (West 2000)) specified its own exceptions to the homestead exemption of section 12–901 (735 ILCS 5/12–901 (West 2000)). It concluded that because an exception for a forcible entry and detainer action brought by a condominium association was not listed in section 12–903, the legislature did not intend to make an exception to the homestead exemption in such cases.

The dissenting justice argued that the majority’s analysis produced a statutory disharmony that was not intended by the legislature. The dissent maintained that section 9–102(a)(7) of the Code (735 ILCS 5/9–102(a)(7) (West 2000)), and section 9.2 of the Condominium Property Act (765 ILCS 605/9.2 (West 2000)), both of which specifically allow an action for possession brought by a condominium association against a unit owner for nonpayment of assessments, should be read harmoniously with the homestead statute so as not to render any of the statutory provisions meaningless.

We allowed plaintiff’s petition for leave to appeal. We subsequently granted leave to the Association of Condominium and Townhome Associations to file an 
amicus curiae
 brief in support of plaintiff’s appeal.

ANALYSIS

On appeal to this court, plaintiff argues that the specific statutory provisions allowing a condominium association to obtain possession of a condominium unit for the owner’s failure to pay maintenance assessments control over the general language of the homestead exemption. Because the question of the proper interpretation to be afforded statutory provisions is a question of law, our standard of review is 
de novo
. 
People v. Maggette
, 195 Ill. 2d 336, 348 (2001); 
County of Knox ex rel. Masterson v. The Highlands, L.L.C.
, 188 Ill. 2d 546, 551 (1999).

We begin our analysis by examining the relevant statutory framework. Section 12–901 of the Code provides, 
inter alia
, as follows:

“Amount. Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence ***. That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes and from the laws of conveyance, descent, and legacy, except as provided in this Code ***.” 735 ILCS 5/12–901 (West 2000).

Section 12–904 of the Code states, generally, that only a written release, waiver, or conveyance of the exempted homestead estate is valid. 735 ILCS 5/12–904 (West 2000). Section 12–903 provides a few exceptions to the homestead exemption, which are applicable in the context of a sale:

“No property shall, by virtue of Part 9 of Article XII of this Act, be exempt from sale for nonpayment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement thereof, or for enforcement of a lien thereon for nonpayment of common expenses pursuant to the ‘Condominium Property Act’ ***.” 735 ILCS 5/12–903 (West 2000).

We now turn to the specific provisions of the Condominium Property Act and the forcible entry and detainer statute, which set forth the appropriate procedure available to a condominium association for remedying a default in the obligations of a unit owner. Sections 9(g)(1) and 9(h) of the Condominium Property Act provide that if a unit owner fails to make timely payment of common expenses, the amount due shall constitute a lien on the interest of the unit owner in the property, which may be foreclosed upon by the board of managers of the condominium association. 765 ILCS 605/9(g)(1), (h) (West 2000). Section 9.2 of the Act specifically provides for further remedies as follows:

“Other remedies. (a) In the event of any default by any unit owner, his tenant, invitee or guest in the performance of his obligations under this Act or under the declaration, bylaws, or the rules and regulations of the board of managers, the board of managers or its agents shall have such rights and remedies as provided in the Act or the condominium instruments 
including the right to maintain an action for possession against such defaulting unit owner
 or his tenant for the benefit of all the other unit owners 
in the manner prescribed by Article IX of the Code of Civil Procedure.

(b) Any attorneys’ fees incurred by the Association arising out of a default by any unit owner, his tenant, invitee or guest in the performance of any of the provisions of the condominium instruments, rules and regulations or any applicable statute or ordinance shall be added to, and deemed a part of, his respective share of the common expense.” (Emphases added.) 765 ILCS 605/9.2 (West 2000).

Section 9–102(a)(7) of the Code gives the board of managers of a condominium association the authority to maintain a forcible entry and detainer action against a defaulting unit owner as follows:

“(a) The person entitled to the possession of lands or tenements may be restored thereto under any of the following circumstances:

* * *

(7) When any property is subject to the provisions of the Condominium Property Act, the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property, or of any other expenses lawfully agreed upon or any unpaid fine, the Board of Managers or its agents have served the demand set forth in Section 9–104.1 of this Article in the manner provided for in that Section and the unit owner has failed to pay the amount claimed within the time prescribed in the demand ***.” 735 ILCS 5/9–102(a)(7) (West 2000).

Defendant argues that plaintiff does not have standing to bring an action under the forcible entry and detainer statute because it is not “a person entitled to possession.” Defendant’s contention, however, is contradicted by the clear statutory language and must be rejected. Section 9.2 of the Property Condominium Act plainly provides that the board of managers of a condominium association is entitled to maintain a cause of action for possession against a defaulting unit owner under the forcible entry and detainer statute. Additionally, section 9–102(a)(7) of the forcible entry and detainer statute intimates that the board of managers is “a person entitled to possession” within the meaning of the statute when the property is subject to the Condominium Property Act, the unit owner fails to pay his proportionate share of common expenses, the unit owner is served with a demand, and the unit owner fails to pay within the time prescribed in the demand. Defendant does not contend that these criteria were not satisfied here.

Additional support for plaintiff’s right to maintain a cause of action for possession is found in section 9–111(a) of the forcible entry and detainer statute (735 ILCS 5/9–111(a) (West 2000)). That section provides in relevant part as follows:

“As to property subject to the provisions of the ‘Condominium Property Act’ *** when the action is based upon the failure of an owner of a unit therein to pay when due his or her proportionate share of the common expenses of the property, *** and if the court finds that the expenses *** are due to the plaintiff, the plaintiff shall be entitled to the possession of the whole of the premises claimed, and judgment in favor of the plaintiff shall be entered for the possession thereof and for the amount found due ***.” 735 ILCS 5/9–111(a) (West 2000).

Other provisions of the statutory scheme allow the board of managers to rent the condominium unit of which it has gained possession under the Code and to collect the rental funds therefrom until the amount owed by the unit owner is satisfied, with possession eventually returning to the unit owner. See 735 ILCS 5/9–111(a), 9–111.1 (West 2000). The historical and practice notes for section 9.2 of the Condominium Property Act note that this statutory procedure for collecting assessments has been in force for over 30 years and has provided an efficient collection method. Ill. Ann. Stat., ch. 30, par. 309.2, Historical & Practice Notes, at 179-80 (Smith-Hurd Supp. 1991). The historical and practice notes for that section further state in relevant part:

“This section was added by P.A. 77–1760, effective July 1, 1972, as part of a legislative package which also included P.A. 77–1759, which added the procedures applicable to condominiums to the Forcible Entry and Detainer Act [authorizing condominium associations to use the forcible procedures to collect unpaid assessments from unit owners] ***.

P.A. 83–645, effective January 1, 1984, *** deleted the requirement that the declaration or by-laws contain authorization to maintain an action, thereby extending the forcible remedy to all associations in Illinois, regardless of when created. Prior to the adoption of P.A. 83–645, there was a question as to whether a condominium association could use the forcible procedures if such a remedy was not expressly provided for in the association declaration or by-laws. [Citation.]

This section makes Illinois unique in allowing a condominium association to evict a unit owner for failure to pay assessments. When such action occurs, the unit owner maintains title to the unit and the association has the right to possession of the unit until the judgment for possession is vacated after the amount owed is paid.

* * *

This section was adopted to provide a constitutionally permissible, quick method for collection of assessment arrearages in condominium associations, and it has provided one of the better collection procedures found in any state.” Ill. Ann. Stat., ch. 30, par. 309.2, Historical & Practice Notes, at 179-80 (Smith-Hurd Supp. 1991).

Defendant acknowledges the general applicability of the above-quoted statutes, which would allow a condominium association to maintain a forcible entry and detainer action where the unit owner fails to pay his or her proportionate share of condominium expenses. Defendant argues, however, that the homestead provisions of article XII of the Code control the outcome of this case by providing a defense to the unit owner for plaintiff’s cause of action for possession. We disagree.

The controlling principles of statutory construction are well settled. In construing a legislative enactment, a court should ascertain and give effect to the overall intent of the drafters. 
Villegas v. Board of Fire & Police Commissioners
, 167 Ill. 2d 108, 123 (1995). A court presumes that the legislature intended that two or more statutes which relate to the same subject are to be read harmoniously so that no provisions are rendered inoperative. 
Henrich v. Libertyville High School
, 186 Ill. 2d 381, 391-92 (1998). Statutes relating to the same subject must be compared and construed with reference to each other so that effect may be given to all of the provisions of each if possible. 
Henrich
, 186 Ill. 2d at 392. Even when an apparent conflict between statutes exists, they must be construed in harmony with one another if reasonably possible. 
United Citizens of Chicago & Illinois v. Coalition to Let the People Decide in 1989
, 125 Ill. 2d 332, 339 (1988), quoting 
People v. Maya
, 105 Ill. 2d 281, 287 (1985). It is also a fundamental rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both relating to the same subject the specific provision controls and should be applied. 
People v. Villarreal
, 152 Ill. 2d 368, 379 (1992); 
People ex rel. Kempiners v. Draper
, 113 Ill. 2d 318, 321 (1986).

Applying the above-mentioned principles, we find that the appellate court majority placed undue emphasis upon the rule of construction that the inclusion of one item in a statute is intended as the exclusion of other possible items that were not included. See 
Villegas
, 167 Ill. 2d at 122. We instead emphasize that the overall intent of the legislature is of paramount importance, and statutes must be construed in harmony if possible. 
United Citizens of Chicago & Illinois v. Coalition to Let the People Decide in 1989
, 125 Ill. 2d at 338-39. We believe that the dissenting justice was correct in his conclusion that the forcible entry and detainer statute and the Condominium Property Act more specifically address what is at issue in this case–a remedy when a unit owner fails to pay condominium assessments–and therefore the more specific provisions of those statutes should control over the more general provisions of the homestead statute.

The forcible entry and detainer statute and the homestead statute relate to the same subject matter and provide a statutory scheme. Section 12–901 of the homestead statute states that condominium property occupied as a residence by the owner is exempt from judgment “
except as provided in this Code
.” (Emphasis added.) 735 ILCS 5/12–901 (West 2000). Section 9–102(a)(7) of the Code, otherwise known as the forcible entry and detainer statute, is a part of “this Code” referred to in section 12–901. Thus, by specifically allowing for possession of a unit under the circumstances here, section 9–102(a)(7) provides an exception to the homestead right of section 12–901. From our review of the statutory scheme, we conclude that the legislature specifically provided for a procedure for the temporary eviction of a unit owner who fails to pay assessments, and it did not intend to eliminate this remedy by failing to list it in section 12–903 as one of the exceptions to the applicability of the homestead estate.

Our interpretation of the statutory scheme harmonizes the homestead statute with the forcible entry and detainer statute and the Condominium Property Act and avoids rendering any of the provisions inoperative. We do not find it to be inconsistent with the purpose of the homestead statute to allow an action by a condominium association in forcible entry and detainer against a unit owner for purposes of recovering past due assessments. Section 12–903 of the Code relates to exceptions to an estate of homestead when a 
sale
 of the property is involved. As previously noted, plaintiff here did not seek the sale of defendant’s property, but only sought possession of it until it recovered the amount of past due assessments and other related sums. Section 9–111.1 of the Code makes it clear that when a judgement for possession is entered on behalf of the condominium association against the unit owner, the unit owner maintains title to the unit and the condominium association has the right of possession only until the assessments and related amounts that are owed are paid. It is therefore not surprising that the legislature did not list a forcible entry and detainer action brought to recover past-due condominium assessments as one of the exceptions of section 12–903, as section 12–903 is concerned with 
sales
 of homestead property. The forcible entry and detainer statute, by contrast, specifically addresses possession of condominium property where title is not transferred. Accordingly, we do not find that plaintiff’s cause of action in the instant case is subject to a homestead defense simply because of the legislature’s failure to specifically list an exception in section 12–903 of the Code mentioning the condominium association’s right to maintain an action for temporary possession.

Our analysis resolving the foregoing issue is supported by the General Assembly’s recent amendments to the applicable statutory provisions. The amendments were made in the aftermath of the appellate court’s decision and make it clear that the legislature had intended to give a condominium association the right to maintain an action for possession against a unit owner under the forcible entry and detainer statute without interference from the right of homestead. Pub. Act 92–540, §5, eff. June 12, 2002, amending 735 ILCS 5/12–903 (“[n]o property shall, by virtue of Part 9 of Article XII of this Act, *** be exempt from enforcement or judgment for possession pursuant to paragraph (a)(7) or (a)(8) of Section 9–101 of this Code”); Pub. Act 92–540, §5, eff. June 12, 2002, amending 735 ILCS 5/9–111 (language inserted stating that “[t]he judgment of possession is not subject to an exemption of homestead under Part 9 of Article XII of this Code”). The legislature specifically included language to point out that the amendments were “intended as a clarification of existing law and not as a new enactment.” Pub. Act  92–540, §5, eff. June 12, 2002, amending 735 ILCS 5/9–111, 12–903.

CONCLUSION

In sum, we hold that a condominium unit owner may not assert the homestead exemption contained in section 12–901 of the Code as an affirmative defense to a condominium association’s action in forcible entry and detainer brought because of the unit owner’s nonpayment of maintenance assessments. Accordingly, we find that the trial court properly entered judgment for possession in favor of plaintiff. We therefore reverse the judgment of the appellate court and affirm the judgment of the trial court.

Appellate court judgment reversed;

circuit court judgment affirmed.