THIRD DIVISION
March 31, 2010

No. 1-09-1235

| | | |
|---|---|---|
| THE BOARD OF DIRECTORS OF THE | ) | Appeal from the |
| WARREN BOULEVARD CONDOMINIUM | ) | Circuit Court of |
| ASSOCIATION, | ) | Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HILDA MILTON AND ANY AND ALL | ) | |
| UNKNOWN OCCUPANTS, | ) | Honorable |
| | ) | Sheldon C. Garber, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE QUINN delivered the opinion of the court:

The Plaintiff, board of directors of the Warren Boulevard Condominium Association, filed a complaint in forcible entry and detainer against the defendant, Hilda Milton. The complaint alleged that plaintiff was entitled to possession of a certain condominium unit owned by defendant in Chicago, Illinois, because defendant failed to pay plaintiff $4,484 in assessments, plus all rents accruing through date of trial and costs and reasonable attorneys fees.

Defendant denied that payments were owed and sought a jury trial. Defendant also

requested discovery of certain records from plaintiff. Plaintiff sought compensation for use and occupancy of the condominium, in the amount of the monthly assessment of $178, pending the outcome of the forcible entry and detainer litigation. On February 10, 2009, the circuit court granted plaintiff's request and ordered defendant to pay plaintiff $178 per month pending the jury trial. On April 14, 2009, the circuit court denied defendant's motion to reconsider and applied Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) language to its use and occupancy judgment. Defendant now appeals. Although plaintiff has filed no brief on appeal, we will consider the merits of the appeal under the standard set forth in First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill. 2d 128, 133 (1976).

On appeal, defendant contends that the circuit court's grant of use and occupancy to plaintiff, pursuant to the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2008)), was erroneous because the statutory provision for use and occupancy does not apply to plaintiff's suit for possession of the condominium unit based on the owner's failure to pay assessments. Because the question of the proper interpretation to be afforded statutory provisions is a question of law, our standard of review is *de novo*. Knolls Condominium Ass'n v. Harms, 202 Ill. 2d 450, 454 (2002).

We begin our analysis by examining the relevant statutory provisions of the Condominium Property Act (765 ILCS 605/1 *et seq.* (West 2008)) and the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2008)), which set forth the appropriate procedure available to a condominium association for remedying a default in the obligations of a unit owner. Sections 9(g)(1) and 9(h) of the Condominium Property Act provide that if a unit owner fails to make

timely payment of common expenses, the amount due shall constitute a lien on the interest of the unit owner in the property, which may be foreclosed upon by the board of managers of the condominium association. 765 ILCS 605/9 (g)(1), (h) (West 2008). Section 9.2 of the Condominium Property Act provides for further remedies as follows:

"Other remedies.

(a) In the event of any default by any unit owner, his tenant, invitee or guest in the performance of his obligations under this Act or under the declaration, bylaws, or the rules and regulations of the board of managers, the board of managers or its agents shall have such rights and remedies as provided in the Act or the condominium instruments *including the right to maintain an action for possession against such defaulting unit owner* or his tenant for the benefit of all the other unit owners *in the manner prescribed by Article IX of the Code of Civil Procedure*." (Emphasis added.) 765 ILCS 605/9.2 (West 2008).

Section 9-102(a)(7) of the Code of Civil Procedure gives the board of managers of a condominium association the authority to maintain a forcible entry and detainer action as follows:

"(a) The person entitled to the possession of lands or tenements may be restored thereto under any of the following circumstances:

* * *

(7) When any property is subject to the provisions of the Condominium Property Act, the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property, or of any other expenses lawfully agreed upon or any unpaid fine, the Board of Managers or its agents have served the demand set forth in

1-09-1235

Section 9-104.1 of this Article in the manner provided for in that Section and the unit owner has failed to pay the amount claimed within the time prescribed in the demand ***." 735 ILCS 5/9-102(a)(7) (West 2008).

In Knolls Condominium Ass'n, our supreme court rejected the condominium unit owner's argument that the condominium association did not have standing to bring an action under the forcible entry and detainer statute for possession based on nonpayment of maintenance assessments because it was not "a person entitled to possession" under the statute. Knolls Condominium Ass'n, 202 Ill. 2d at 456-58. Our supreme court stated that section 9.2 of the Property Condominium Act plainly provides that the board of managers of a condominium association is entitled to maintain a cause of action for possession against a defaulting unit owner under the forcible entry and detainer statute. Knolls Condominium Ass'n, 202 Ill. 2d at 456. The court also noted that section 9-102(a)(7) of the Forcible Entry and Detainer Act intimates that the board of managers is "a person entitled to possession" under the statute "when the property is subject to the Condominium Property Act, the unit owner fails to pay his proportionate share of common expenses, the unit owner is served with a demand, and the unit owner fails to pay within the time prescribed in the demand." Knolls Condominium Ass'n, 202 Ill. 2d at 456-57, citing 735 ILCS 5/9-102(a)(7) (West 2000).

Further, our supreme court opined that additional support for a condominium association's right to maintain a cause of action for possession is found in section 9-111 of the Forcible Entry and Detainer Act. The court stated, "Other provisions of the statutory scheme allow the board of managers to rent the condominium unit of which it has gained possession

-4-

under the Code and to collect the rental funds therefrom until the amount owed by the unit owner is satisfied, with possession eventually returning to the unit owner. See 735 ILCS 5/9-111(a), 9-111.1 (West 2000)." Knolls Condominium Ass'n, 202 Ill. 2d at 457. The court also noted, "The historical and practice notes for section 9.2 of the Condominium Property Act note that this statutory procedure for collecting assessments has been in force for over 30 years and has provided an efficient collection method." Knolls Condominium Ass'n, 202 Ill. 2d at 457, citing Ill. Ann. Stat., ch. 30, par. 309.2, Historical & Practice Notes, at 179-80 (Smith-Hurd Supp. 1991).

Defendant acknowledges the general applicability of the above-quoted statutes, which allow a condominium association to maintain a forcible entry and detainer action where the unit owner fails to pay his or her proportionate share of condominium assessments. Defendant argues, however, that a condominium association is not entitled to an award of use and occupancy under section 9-201 of the Forcible Entry and Detainer Act.

Section 9-201 provides: "The owner of lands, his or her executors or administrators, may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by a civil action ***, " then lists five conditions upon which such recovery may be had. 735 ILCS 5/9-201 (West 2008).

Defendant argues that section 9-201 applies only to the landlord-tenant relationship and because the board of the condominium association is not the "owner" of the condominium unit in question, plaintiff had no standing to seek use and occupancy. As previously noted, section 9.2 of the Condominium Property Act authorizes condominium associations to use the forcible entry and

1-09-1235

detainer procedures in Article IX of the Code to collect unpaid assessments from unit owners. See 765 ILCS 605/9.2 (West 2008). Defendant relies on Jackson v. Reeter, 201 Ill. App. 29 (1915), in support of her argument that owners and renters of property should be treated differently with respect to use and occupancy awards under the forcible entry and detainer statute.

In Jackson, the appellee had filed suit against the appellant to recover from the appellant for the use and occupation of certain farm lands. The trial court entered judgment in favor of appellee, and on appeal, the appellate court reversed. Jackson, 201 Ill. App. 29. The appellate court explained, "At the common law, rents or compensation for use and occupation could not be recovered except where the relation of landlord and tenant was shown to exist." Jackson, 201 Ill. App. at 31. The court stated, "The only statutory enactment that changes this common-law rule is section 1 of Chapter 80, Rev. St. (J & A  7039), which provides: 'That the owner of lands, his executors or administrators may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by action of debt or assumpsit, in any court of competent jurisdiction, in any of the following cases:' then follows a list of five conditions upon which such recovery may be had." Jackson, 201 Ill. App. at 31. The court noted that when one party occupies the premises of another without any agreement for the payment of rent, "the law implies a promise on the part of the occupant to pay the owner, for the use and occupation thereof, a reasonable rental value." Jackson, 201 Ill. App. at 32. The court explained that to be entitled to recover upon the theory of an implied promise to pay reasonable compensation, "one must be the owner of some estate in the premises and the possession of the other must not be under claim of title or adverse to that of the owner or under an agreement that he need not pay

-6-

rent." Jackson, 201 Ill. App. at 32. The court found that "[a]ppellee was not the owner of the land occupied by appellant, or of any estate in it while he was in possession. Nor did he recognize [appellee] as having any right, title or interest in it. He held it adversely to [appellee]." Jackson, 201 Ill. App. at 32.

Unlike Jackson, the present issue does not involve a claim for rent where there was no agreement between the parties and the party seeking rent held no interest in the land. Rather, the condominium association brought a forcible entry and detainer action, as provided for by the Condominium Property Act, based on defendant's unpaid assessments and sought an award of assessments from defendant during the pendency of the lawsuit. This court has previously noted, "Such a claim [for condominium assessments] involves an implied or express contract just as a claim for rent does." Graue Mill Country Condominium Ass'n No. 1 v. Gary-Wheaton Bank, 213 Ill. App. 3d 698, 700 (1991). We can see no reason why the rationale permitting a party to recover rent for use and occupation should not apply to permit a condominium association to recover assessments due during the pendency of a forcible entry and detainer action.

For the above reasons, we affirm the judgment of the circuit court.

Affirmed.

STEELE and COLEMAN, JJ., concur.