# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1879.

## CHARLES FOLLANSBEE

v.

## THE SCOTTISH AMERICAN MORTGAGE COMPANY.

5   17
54  543

1. CONFESSION OF JUDGMENT—ELECTION TO DECLARE WHOLE SUM DUE.
—The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued. So, where it was stipulated that upon failure for thirty days to pay any of the interest notes mentioned, the sum represented by the principal note might be declared due at the election of the legal holder thereof; and a judgment was entered by confession for the whole sum upon failure to pay an interest note, the failure to pay interest, and the election to declare the whole sum due, must clearly appear by competent proof, to authorize the entry of a judgment thereon.

2. PROOF OF FAILURE AND ELECTION.—The declaration was upon the notes, with a cognovit, and alleged a failure for thirty days to pay the interest, and the election of the holder to declare the whole sum due. Copies of the notes were attached to the declaration. The only proof was the affidavit of the general agent of appellee as to the execution of the note and warrant of attorney, and that the appellant was "the maker of the *annexed note* and *power of attorney*, and that the signatures to said *note* and *power of attorney* are the genuine signatures" of the appellant. The affidavit further stated that the affiant had read said declaration, and that the statements therein concerning said note and the maturity thereof, were true. The original note and warrant of attorney were not filed in the case, nor exhibited to the

court. *Held*, that the proof of execution,. failure to pay and election was insufficient to support the judgment.

3. FAILURE TO SURRENDER INTEREST NOTES NOT DUE.—A failure on the part of the plaintiff to surrender the interest notes not due is not of itself sufficient ground for vacating the judgment. If the defendant was entitled to any relief in this respect, it was incumbent upon him to make proof of that fact, when the court might vacate the judgment or give other relief as would be proper.

4. PRESUMPTION IN FAVOR OF JUDGMENT.—Where a judgment by confession is entered in term time, and the record is silent as to whether any evidence was heard by the court, it will be presumed that proof of every fact necessary to warrant the entry of judgment was duly presented. Where, however, all the evidence actually heard is preserved in the record, and the bill of exceptions recites that fact, the presumption cannot be indulged contrary to the recitals in the bill of exceptions.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed January 7, 1880.

Mr. N. A. PARTRIDGE and Messrs. McCOY & PRATT, for plaintiff in error; that the only warrant of attorney filed in the case was a *copy*, and gave the court no jurisdiction, and without jurisdiction the judgment was void, cited Campbell v. McCahan, 41 Ill. 46; Kenney v. Greer, 13 Ill. 432; Chase v. Dana, 44 Ill. 262.

The warrant of attorney must be filed, and its execution duly proved: Iglehart v. Chicago F. & M. Ins. Co. 35 Ill. 514; Roundy v. Hunt, 24 Ill. 600; Durham v. Brown, 24 Ill. 94.

The power must be strictly pursued: Roundy v. Hunt, 24 Ill. 600; Osgood v. Blackmore, 59 Ill. 261; Chase v. Dana, 44 Ill. 262; Man. & Mech. Bank v. St. John, 5 Hill, 497; Frye v. Jones, 78 Ill. 627.

The judgment being void, no lien is created, and the court can vacate the judgment and remit the parties to their original rights: Lake v. Cook, 15 Ill. 353.

Mr. THEODORE SHELDON and Mr. JAMES L. HIGH, for defendant in error; as to attorney's fees, cited Ball v. Miller, 38 Ill. 110.

The presumption is in favor of the regularity of the proceedings, the judgment having been confessed in open court: Iglehart v. Chicago M. & F. Ins. Co. 35 Ill. 514.

Upon the production of the declaration, cognovit, original note and warrant of attorney, and evidence of their execution, the court had jurisdiction: Bush v. Hanson, 70 Ill. 480.

In order to set aside such a judgment, the defendant should show by affidavit that he has a valid and meritorious defense: Rising v. Brainard, 36 Ill. 79; Farwell v. Meyer, 36 Ill. 510; Hempstead v. Humphrey, 38 Ill. 90; Ball v. Miller, 38 Ill. 110.

All errors are expressly released by judgment entered by confession: Frear v. Com. Nat. Bank, 73 Ill. 473; Hall v. Hamilton, 74 Ill. 437; Rev. Stat. Chap. 7, § 3.

Bailey, P. J. This case comes here by writ of error to review an order of the Superior Court of Cook county, denying the motion of Charles Follansbee, the plaintiff in error, to set aside and vacate a judgment entered against him upon a cognovit for $10,700 and costs. On the 24th day of February, 1879, the Scottish American Mortgage Company, the defendant in error, was the holder of a promissory note and warrant of attorney, purporting to be executed by said Follansbee, both bearing date April 15, 1876. By said note said Follansbee promised to pay to the order of said company, five years after date, the sum of $10,000, with interest thereon at the rate of eight per cent. per annum, payable semi-annually on the 15th days of April and October in each year, until said principal sum should be fully paid. In the body of said note it was recited that the several installments of interest for said period of five years were secured by ten interest notes or coupons, of even date with the principal note, each for the sum of $400; and it was further agreed that, if default should be made in any one of said installments of interest, and such default should continue for thirty days, the principal sum should become due and payable at the election of the legal holder of the principal note, such election to be made at any time after the expiration of said thirty days, without notice. The warrant of attorney authorized the entry of judgment against said Follansbee by confession, in any court of record, in term time or vacation, at any time after said note should become due, either by election as aforesaid, or by the expiration of said five years, for the

amount of said note, including all interest thereon accruing after the maturity thereof, together with costs and $500 attorney's fees.

The precise circumstances of the entry of the judgment, and the evidence presented to and heard by the court at the time of the entry thereof, are preserved in the record by bill of exceptions. It thereby appears that on said 24th day of February, 1879, the attorney for said company filed in the court below, in term time, a document consisting of the following papers, viz.: A declaration in assumpsit on said note, a cognovit confessing judgment thereon for said sum of $10,700 and costs, *copies* of the note and warrant of attorney, and an affidavit of the general agent of the company as to the execution of the note and warrant of attorney by Follansbee.

The declaration, after averring the execution of the note, alleged a default by Follansbee for more than thirty days in the payment of the interest which matured October 15, 1878, and an election of said company to declare said note due and payable. The affidavit stated that the affiant knew said Follansbee and was acquainted with his handwriting; that said Follansbee "is still living, and is the maker of the annexed note and power of attorney, and that the signatures to said note and power of attorney are the genuine signatures of said Charles Follansbee;" also that affiant had read said declaration, and that the statements therein concerning said note and the maturity thereof were true. It further appears that the foregoing were the only papers placed on file at the time the judgment was rendered, although said attorney at the time held in his hand what he represented to be the original note and warrant of attorney. These original papers were not handed or read to or examined by the court, or filed in the cause, but by leave of the court given orally they were taken away from the court room by the attorney and kept under his control. It is certified in the bill of exceptions that no evidence beyond what is above set forth was introduced or heard by the court at or prior to the rendition of said judgment. The judgment itself however recites that the warrant of attorney was filed, and its execution duly proven.

Follansbee v. Scottish Am. Mortgage Co.

On the 1st day of March, 1879, being at the same term, said Follansbee entered his motion to vacate said judgment, and filed therewith his own affidavit, denying the execution of the note and warrant of attorney filed in said cause and described in said affidavit of the company's general agent as "the annexed note and warrant of attorney." On the same day, and in response to a previous notice of said motion, the plaintiff's attorney appeared and procured the entry of an order granting leave to withdraw the note and warrant of attorney, and thereupon the motion to vacate said judgment was overruled and exception taken. After the entry of these several orders, and on the same day, the plaintiff's attorney, by leave of the court, had said original note and warrant of attorney filed by the clerk, and then took them away.

Numerous grounds were urged in support of the motion to vacate the judgment, all of which however may be substantially embraced in the following propositions:

1. There was no sufficient proof of the execution of the warrant of attorney.

2. There was no sufficient proof that the note had matured at the time the judgment was confessed.

3. The judgment should not have been entered without a surrender of the notes given for interest not then accrued.

Considering these propositions in their inverse order, it may be observed that the record wholly fails to show where said interest notes were or by whom held at the time of the entry of the judgment. So far as was made to appear, either at the time judgment was confessed or at the time the defendant's motion was decided, they may have been surrendered up to the defendant and canceled. After the filing of the cognovit, which was a plea confessing a cause of action to the full amount for which judgment was rendered, it was not incumbent upon the plaintiff to support its right to a recovery by further proofs. Under such a plea the plaintiff was not called upon to account for the interest notes, or to show whether they were outstanding or not. If the defendant was entitled to any equitable relief growing out of the fact that said notes were outstanding, it was incumbent upon him to make proof

of such fact in support of his motion to vacate the judgment, and then the court below, in the exercise of its equitable jurisdiction over judgments by confession, would have had power to vacate the judgment or afford such other relief as under the circumstances would have been proper. No proof of this character was made by the defendant, and we accordingly see no error in the refusal of the court below to vacate the judgment on this ground.

The next question to be considered is, whether there was sufficient proof of the maturity of the note, and whether, in the absence of such proof, there was any authority for entering the appearance of the defendant and confessing judgment against him.

The rule is well settled that the authority to confess a judgment without process must be clear and explicit, and must be strictly pursued. Frye et al. v. Jones et al. 78 Ill. 637; Manf. and Mech. Bank, etc. v. St. John, 5 Hill, 497; Chase v. Dana, 44 Ill. 262. An attorney in fact, in order to bind his principal, must act strictly within the scope of his authority, and any departure therefrom will not be sustained.

In the present case, the warrant of attorney only authorized a confession of judgment, after the note should become due, in one of the modes therein prescribed, viz: By the lapse of time, or by the election of the holder after thirty days default in the payment of an installment of interest. As the note had not matured by lapse of time, it was incumbent on the plaintiff to show that the other contingency upon which the attorney in fact was authorized to confess the judgment, had happened before such judgment could be properly entered. Roundy v. Hunt, 24 Ill. 598. The establishment of such a fact was a condition precedent to the execution of the power granted by the warrant of attorney. The record, however, entirely fails to show that any satisfactory evidence was adduced tending to show either a default in the payment of an installment of interest, or an election by the plaintiff to declare the note due for that reason. Such facts, it is true, were averred in the declaration, but no satisfactory proof seems to have been offered in support of the averment. The statement of the affidavit filed with the declar-

Follansbee v. Scottish Am. Mortgage Co.

ation, that the averments of the declaration concerning said note and the maturity thereof were true, if otherwise competent, is in our opinion altogether too vague and uncertain to constitute the requisite proof of the facts necessary to establish the maturity of the note.

Undoubtedly, where a judgment by confession is entered in term time and the record is silent as to whether any evidence was heard by the court, it will be presumed that proof of every fact necessary to warrant the entry of the judgment was duly presented. Where however all the evidence actually heard is preserved by bill of exceptions, a different rule obtains. There the presumption is met and rebutted by the recital in the bill of exceptions that no evidence other than that therein set forth was in fact heard. The plaintiff then, having failed to prove any default for thirty days in the payment of an instalment of interest, and an election on its part to declare the note due for that reason, it does not appear that the contingency has arisen upon which the attorney in fact was authorized to act.

As to the remaining proposition above stated, we think there was an entire failure to prove the execution by the defendant of the warrant of attorney. The paper filed with the declaration, and to which the affidavits of the plaintiff's general agent was "*annexed*," purported to be and was a mere copy of another paper which, as is claimed, was the original warrant of attorney. Not only was it marked " copy," but the court in the bill of exceptions certifies that it was a copy. The affidavit merely referred to and verified the signature appearing upon the paper thereto annexed, and thus not only was its application by its very terms limited to the copy, but at the time judgment was entered there was no other paper among the records of the case to which it could by any possibility refer. It is true, the plaintiff's attorney held in his hand a paper which he represented to be the original, but it was not placed on file, nor was any effort made to establish its authenticity. The affidavit must be understood and construed according to its plain and obvious import, and by such construction it amounts merely to an attempt to authenticate as a genuine original document, a paper which turns out to be

only a copy of a document, the genuineness of which no effort was made to establish. Nor was the proof of execution aided by the subsequent filing of the paper claimed to be the original. Such filing was accompanied by no additional evidence, nor was the affidavit amended so as to be made to apply to the original.

The only authority of the attorney in fact to confess judgment against his principal must be derived from the warrant of attorney, and until the execution of the power is duly proved, the attorney has no authority to enter the appearance of his principal, nor does the court obtain jurisdiction to enter judgment against him. In the absence of such proof the proceeding is *coram non judice* and void.

It is true, the record of the judgment in this case recites that the execution of the warrant of attorney was duly proven, and if nothing more than this had appeared, it would be conclusive evidence of the fact thus recited; but, as has already been remarked, all the evidence actually heard is preserved in the record, and it thereby appears that no evidence whatever as to the execution of the original warrant of attorney was presented to the court. The finding of the court is thus shown to have been wholly unsupported by evidence, and the usual presumption in favor of a judgment of a court of superior jurisdiction fails, for such presumption cannot be indulged in contrary to the express declarations of the bill of exceptions.

As it thus appears from the record that the court below obtained no jurisdiction of the person of the defendant, and that the judgment against him was entered without due proof of authority on the part of the attorney in fact, the motion to vacate said judgment should have been sustained. The order denying said motion will accordingly be reversed, and the cause remanded with instructions to the court below to set aside and vacate said judgment by confession.

Judgment reversed.