## Mary S. Crofut v. Frederick C. Aldrich.

1. SURETY—*Signature Obtained by False Pretenses.*—The fact that a married woman was induced to sign judgment notes upon representations that her signature was necessary to release her dower in real estate conveyed as security for the notes, can not be relied upon as a fraud, avoiding her obligation.

2. CONSIDERATION — *Promissory Note—Accommodation Signer.*— Where a promissory note at its maturity is renewed by another note like the first one, for the reason that the owner does not like to hold over-due paper, and his attorney induces an outside party to sign the new note without any new contract being made, such signing is without consideration, and the note as to such person is void.

Memorandum.—Confession of judgment. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded with directions. Opinion filed May 28, 1894.

The opinion states the case.

BRIEF OF PLAINTIFF IN ERROR, W. HECKMAN AND J. G. ELSDON, ATTORNEYS.

Fraud and circumvention in the procurement of a note is a defense to an action thereon. Easter v. Minard, 26 Ill. 495; Glazier v. Streamer, 57 Ill. 91; Richardson v. Schirtz, 59 Ill. 313; Hewitt v. Jones, 72 Ill. 218.

And if plaintiff in error were to be held as a surety, such

fraudulent representations made to her would relieve her from liability as surety. 1 Brandt on Suretyship, Section 234.

As between the parties to it fraud vitiates all acts. Jamison v. Beaubien, 4 Ill. 114; Rodgers v. Brent, 10 Ill. 573.

Especially is this so in cases of judgment by confession, for the reason that courts of law have always exercised an equitable jurisdiction over judgments by confession upon warrants of attorney, to open or set them aside as equity may require. Lake v. Cook, 15 Ill. 353; Heeley v. Alcock, 9 Brad. 432; Walker v. Ensign, 1 Brad. 113; Condon v. Breese, 86 Ill. 160.

And so when the parties stand on an unequal footing, and the one making the representations is an expert in the matter in hand, or has means of knowledge not open to the other. 8 Am. and Eng. Ency. of Law, 644.

Such representations, if false, will be fraudulent in many cases in which there would be no actionable fraud if the parties stood on the same footing. Hicks v. Stevens, 121 Ill. 186; Townsend v. Cowles, 31 Ala. 428; Cooke v. Nathan, 16 Barb. (N. Y.) 342; Colter v. Morgan's Administrators, 12 Mon. (Ky.) 278.

BRIEF OF DEFENDANT IN ERROR, MARSTON, AUGUR & TUTTLE, ATTORNEYS.

The misrepresentation of the legal effect of a written agreement which the party signs with knowledge of its contents, is not sufficient ground at law for avoiding the agreement. Kerr on Fraud and Mistake, 90.

A representation of what the law will or will not permit to be done is one on which the party to whom it is made has no right to rely. If he does, it is his own folly and he can not ask the law to relieve him from the consequences. The truth or falsehood of such representations can be tested by ordinary vigilance and attention. It is an opinion in regard to the law, and is always understood as such. Fish v. Cleland, 33 Ill. 238; Dennis v. Piper, 21 Ill. App. 169; Washington v. L. & N. R. R. Co., 34 Ill. App. 658.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

December 29, 1893, judgment by confession was entered in the Circuit Court in favor of Aldrich, and against Ira C. Woodward, Charles H. Crofut and Mary S. Crofut, for $8,916.82, upon two promissory notes for $4,000 each, dated October 1, 1890, one payable in three, and the other in four years after date.

With each note was a warrant of attorney authorizing judgment before maturity for the principal and accrued interest, which was seven per cent, payable half-yearly, after thirty days default in the payment of interest. Each note stated that separate notes were given for the installments of interest. No other evidence was before the court upon the entry of the judgment than the principal notes, warrants of attorney and an affidavit to the genuineness of the signatures to them.

The judgment included $500 attorney's fees, and it must also have included $416.82 as interest, to make the sum of the judgment.

The declaration, as in Follansbee v. Scottish Am. M'tge Co., 5 Ill. App. 17, alleged the default in paying interest, and the election of the holder of the notes to have the principal of the four-year note become due.

It would seem that the mere fact that he took steps to enter the judgment proved his election, but without the production of the interest notes showing that they were still in his hands, which would be *prima facie* evidence that they were not paid, there could be no presumption that the interest notes were unpaid.

The case cited is authority that the order of the Circuit Court denying the motion made by the defendants below to set aside the judgment was erroneous.

There is a more important question in the case.

Woodward made an affidavit that these notes were given in place of former, past due, like notes, signed only by himself and Charles H. Crofut, in pursuance of negotiations between himself and Aldrich, in which they agreed upon new notes like the first ones, with no mention of, or allusion to,

any additional security, but simply and only for the reason that Aldrich did not like to hold over-due paper.

And all of the defendants below made affidavits that Mary S. Crofut signed the notes, only because the attorney of Aldrich—Aldrich not being present—represented that her signature to all the papers was necessary to bar her dower in real estate conveyed as security for the notes.

Such representations as to legal effect can not be relied upon as a fraud, avoiding her obligation if she incurred any. Stover v. Mitchell, 45 Ill. 213.

But "no executory, simple contract is valid without a consideration" (Bishop on Cont., Sec. 40), though the burden of showing the negative is upon the maker of a promissory note. And the motive prompting the act which is evidence of a contract, may not be a consideration at all. Ibid, Sec. 37.

Now, if it be true that the whole bargain for new papers was made as Woodward states it, and that the attorney had no discretion or authority but to carry into effect that bargain already made, his act in inducing Mrs. Crofut to sign the notes is no more a consideration than the same act would have been had she, a month after the papers had been made, and without her signature, accepted, then signed them.

If Woodward's story be incredible, the court would not err in disregarding it; but if it be only improbable, Mrs. Crofut has the right to the verdict of a jury upon it.

The order denying the motion is reversed and the case remanded with directions to the Circuit Court to set aside and vacate the judgment with costs to the defendants below.

That will end this litigation, and the plaintiff below will then be at liberty to begin anew.

Mr. Justice Waterman.

No showing was made that the judgment is for any amount not due, or is in any respect unjust; no affidavit was filed setting forth that default had not been made in the payment of interest or denying that an election to declare the entire amount due had been made.

Appellee gave adequate consideration for the signature of Mrs. Crofut, viz., an extension; that consideration appellants have obtained and can not be deprived of.

That appellee would have given the extension without Mrs. Crofut's signature, can not be known; this only is certain—he did not. A valid consideration moved from him; the consideration in every case of a mere surety is not to him, but from the promisee. To hold that a mere surety may be released from a promissory note he has signed by his showing that the payee did not care for the sureties' signature, or that the payee's agent was not directed to require a surety, is fraught with danger.

Should the judgment have been set aside for errors of law? The warrant of attorney authorized a release of errors, and one was filed. The court had jurisdiction to enter the judgment, and errors have been released. The Circuit Court was not, therefore, bound on account of such released errors to set aside the judgment.