ROBERT BARTELS, Plaintiff-Appellee, *v.* WARREN O. DENLER *et al.,* Defendants-Appellants.

(No. 74-374; ▮▮▮▮▮▮▮▮▮▮

Third District—July 25, 1975.

Anthony C. Raccuglia, of Peru (David E. Haskins, of counsel), for appellants.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (William C. Wetzel, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This case arises out of an employment contract entered into between the plaintiff, Robert Bartels, and the defendants, Warren O. Denler and Jan Denler. The defendants have appealed from the judgment entered against them.

The defendants are coowners of a business located in Peru, Illinois, known as Dennler's Supermarket, in which they employ many people. On January 1, 1969, the plaintiff and the defendants entered into a Contract of Employment. This contract remained in force throughout 1971.

In addition to a weekly salary, the contract provided that Dennler's would pay plaintiff 10 percent of the net profits of the supermarket as determined at the end of each fiscal year. This incentive bonus was based upon an entire fiscal year and could be earned by plaintiff only if he remained in Dennler's employ for a complete fiscal year.

Under the contract, either party could terminate the agreement at any time by giving 30 days' written notice. The contract also provided, in pertinent part:

> "Upon discovering that Bartels is seeking other employment, Dennler's may immediately terminate this agreement and no written notice will be required.
>
> &ast; &ast; &ast;
>
> 4. *Restrictive Covenant:* Bartels shall devote his entire time and no less than 48 hours for a standard five-day work week, to the performance of his duties and he shall not, without the consent of Dennler's, directly or indirectly, alone or as a member of a partnership, or as an officer, director, stockholder, or employee of any other corporation, partnership, firm, or business, be engaged in or concerned with any other duties or pursuits whatsoever during the term of this agreement."

Beginning in September, 1970, plaintiff also was employed in a drug-

store in Princeton, Illinois. He worked there on his days off from Dennler's for 16 to 20 hours per week. Bartels never informed the defendants of this employment, but it was brought to their attention by other sources.

It appears that Warren Denler knew of plaintiff's part-time job during 1971, but never said anything to him. Jan Denler learned about this outside employment in July, 1971. As a result, Jan Denler requested plaintiff to spend more time in their store, which plaintiff in fact did. Bartels was not requested to quit working at the store in Princeton.

In early 1971, Bartels entered negotiations for the purchase of a supermarket in Colfax, Illinois. In December, 1971, in order to purchase this store, Bartels applied for a loan at the Anchor State Bank in Anchor, Illinois. On December 31, 1971, the transaction for this purchase was closed. On January 1, 1972, plaintiff informed Jan Denler that he was quitting and was giving his 30-day notice. At no time during 1971 were the defendants aware of the fact that Bartels either purchased or was negotiating for the purchase of a supermarket.

On January 5, 1972, Jan Denler sent Bartels a note, pursuant to the contract of employment, stating that the defendants considered such contract "null and void in consideration of your having gone into business for yourself." Consequently, the defendants refused to pay the 10-percent incentive bonus, as provided in the contract.

Thereafter, the plaintiff brought this action to recover the incentive bonus. The trial court found that the plaintiff was entitled to this additional compensation, so long as he remained an employee of the defendant. The court further decided:

> "There were conditions under which the Defendants could have terminated the employment but they did not do so and therefore, they are not in a position to deny the Plaintiff any part of his compensation * * *.
>
> * * * [T]he Defendants waived any violation for reason of the Plaintiff being employed in a drug store in Princeton, Illinois, as they learned of that employment and made no request of the Plaintiff that he terminate that employment. It is further the Court's opinion that the Plaintiff's purchase of a supermarket did not violate the contract during the year of 1971. The purchase did give the Defendants the right to terminate the contract of employment during the year 1972 but would not affect the right of compensation for 1971."

We are in accord with the trial court's finding and, therefore, affirm the judgment entered.

■■ It is well established that a party to a contract may waive provisions contained in the contract for his benefit. (12 Ill. L. & Pr. *Con-*

502

*tracts* § 408 (1955).) Although plaintiff's part-time job constituted a violation of the restrictive covenant, the defendants' conduct upon learning of such employment waived strict compliance with that provision of the contract.

■■ The plaintiff's purchase of a supermarket on December 31, 1971, did not operate to defeat his right to the bonus incentive for 1971 since he had remained at his job for a complete year. Therefore, the plaintiff's purchase had no effect upon the bonus incentive for 1971.

For the reasons stated, the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.