DEVON BANK, Trustee, Plaintiff-Appellee, *v.* RAYMOND SCHLINDER *et al.*, Defendants-Appellants.

First District (4th Division)   No. 77-1262

Opinion filed May 10, 1979.—Rehearing denied June 6, 1979.

L. Louis Karton, Ltd., and Regas and Frezados, both of Chicago, for appellants.

Maurice J. McCarthy, of Chicago, for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

This appeal concerns a confession of judgment contained in a contract to sell real estate to the defendants, Raymond Schlinder and Norma Marcie, by the plaintiff, Devon Bank, as trustee under Trust No. 1396. The defendants appeal from the order of the circuit court of Cook County which confirmed the judgment by confession in the amount of $30,529.18 and denied a motion to open the judgment. On appeal, the defendants argue (1) the judgment by confession was void because the

plaintiff was not the seller to whom authority to confess judgment was given; (2) the judgment was void because it was not confessed on the original document; (3) the trial court should have held that the plaintiff had breached the contract and had no enforceable right against the defendants; and (4) the plaintiff was guilty of a breach of trust as to both the beneficiaries of Trust No. 1396 and the defendants, which estops it from maintaining any claim against the defendants.

Before the court were the pleadings, affidavits of the defendants and the depositions of two vice-presidents of the Devon Bank. Articles of Agreement for Deed (Agreement) were executed on February 29, 1972, providing for the sale of a building in the City of Chicago. The plaintiff was listed as "seller" in the body of the document. However, the document was signed by Miriam and Judith Prassas, identified as the beneficiaries of Trust No. 1396. The defendants are the contract purchasers. The price for the property was $145,000 with $25,000 down and the balance of $120,000 payable in monthly installments. The sale was subject to a mortgage of $73,413.88 held by the Devon Bank individually, payments on which were to be made by the seller out of the buyers' monthly payments. The sale was also subject to general real estate taxes for the year 1971 and subsequent years.

The Agreement contained a confession of judgment clause. The defendants made their last monthly payment under the Agreement on February 1, 1974, and judgment was entered as confessed on August 26, 1974, on a certified copy of the Agreement.

On November 12, 1974, the defendants filed a motion to open the judgment. The motion alleged that the Agreement purports to be between the plaintiff and defendants but that it was not executed or accepted by the plaintiff, that the plaintiff is not bound thereby, and that the contract is not binding and enforceable against the defendants. In the alternative, the defendants alleged that on March 13, 1974, the subject property was sold for delinquent taxes levied for the year 1970; that the plaintiff had notice of the sale; that the payment of those taxes was the responsibility of the plaintiff; and that the plaintiff failed to redeem the property from the sale. Further, the defendants alleged that on June 5, 1974, the county clerk of Cook County issued its tax deed to a purchaser at a sale and that the plaintiff was thereupon divested of all right, title and interest in the real estate. The defendants' motion contended that at the time the judgment was confessed the plaintiff was not able to convey the property in accordance with the Agreement because it had been divested of title. Next, the motion alleged that the judgment should be vacated because the original of the Agreement had not been filed and judgment was confessed on a copy. Finally, the motion alleged that the plaintiff failed to comply with the Agreement because it had not presented

evidence of title to the defendants. The defendants also filed an affidavit of defendant Marcie containing the same facts as the motion, and an answer.

The plaintiff filed a memorandum of law opposing the defendants' motion to open the judgment by confession. It argued the defendants had failed to allege a meritorious defense, and that they had not been diligent in presenting their motion. The plaintiff also moved to strike the affidavit of Marcie. The motion to strike the affidavit was allowed.

The affidavit of Barry H. Greenburg, the defendants' attorney, was then filed in support of the defendants' motion. The affidavit said that on March 13, 1974, the Northwestern Investment Company had purchased the property at the tax sale and that Northwestern subsequently assigned the certificate of purchase to Greenburg. On June 5, 1974, a tax deed was issued to Greenburg by the county clerk. It appears that Greenburg was acting for the defendants in this transaction.

On May 14, 1976, the defendants' motion to open the judgment was denied. The defendants then filed a post-trial motion to vacate the judgment of confirmation and the original judgment. On October 7, 1976, the defendants filed a further motion which alleged in part that approximately two months prior to the time a tax deed was to be issued by the county collector, certain officers of the Devon Bank summoned the defendants to the bank and advised them that if the defendants would advance sufficient funds to obtain an assignment of the tax certificate from the tax buyer, the defendants would then be in a position to obtain title to the real estate. The plaintiff also said it would be necessary for the defendants to reaffirm their indebtedness to the Devon Bank in writing. The motion further alleged that the plaintiff subsequently changed its mind and told defendant Marcie that it would go along with the scheme provided that if the defendants obtained title to the property it would have to be conveyed to the Devon Bank as trustee under a new trust and that the defendants would then have to execute a mortgage for the balance due to the bank. The defendants, "not being too knowledgeable," agreed to this plan. Trust No. 2507 was opened, with Devon Bank as trustee and the defendants as beneficiaries. The defendants' title to the property, acquired from the tax sale purchaser, was the subject of the new trust. Devon Bank cancelled its mortgage on the property and entered a new mortgage with the defendants, the property serving as the subject of the new mortgage. The defendants have continued to make payments on this mortgage.

A further amendment to the motion to open the judgment was filed on November 17, 1976, and added the allegation that the tax deed wiped out the right, title and interest of both the seller and the plaintiff and that title is now in Devon Bank as trustee under Trust No. 2507. An amended

answer to the confession of judgment complaint was filed with the motion and also an affidavit of defendant Marcie.

The depositions of the two vice-presidents of the Devon Bank added nothing significant to the facts summarized above.

The defendants submitted another memorandum in support of their motion to open the judgment. That memorandum stated, in part, that even if the defendants are held to have purchased the tax deed for the benefit of the sellers, the plaintiff should have given the defendants an immediate credit for their purchase of the tax deed, with the result that the defendants were not in default when the judgment was entered.

The defendants' first argument on appeal is that the plaintiff, Devon Bank as trustee, was not the seller to whom authority to confess judgment was given. This argument is based on the fact that although the plaintiff was listed as the seller of the property in the body of the Agreement, the document was actually signed by the Prassas' as beneficiaries of the trust. Thus, the defendants argue, judgment could be confessed only in favor of those beneficiaries and, since it was in fact confessed in favor of the plaintiff, the judgment is void.

■■ The power to confess a judgment must be clearly given and strictly pursued. It can be exercised only by the person named in the document. (*Mid-States Finance Co. v. Redman* (1969), 111 Ill. App. 2d 107, 248 N.E.2d 789.) However, it is also true that this rule " 'has its reasonable limitations, and it must not be applied with such strictness as to defeat the obvious intentions of the party granting the power.' " (*Sharp v. Barr* (1924), 234 Ill. App. 214, 217, quoting *Holmes v. Parker* (1888), 125 Ill. 478, 481, 17 N.E. 759, 760.) The *Sharp* court also noted that the real meaning of a document is to be ascertained from a consideration of the instrument as a whole.

■■ ■ To hold that the ambiguity in contract terms stressed by the defendants had the effect of rendering the confession of judgment void would, under the circumstances of this case, distort the parties' intentions as they existed at the time the Agreement was executed. The defendants concede that the beneficiaries had the "sole right of direction" under the terms of the underlying trust agreement. The Agreement itself clearly indicated that the plaintiff was the seller only in its capacity as the trustee of a particular trust and that the persons who signed the document were the beneficiaries of the same trust. We believe it clear that the parties intended that judgment would be confessed, if at all, in favor of whoever was the actual vendor under the agreement. And, although the plaintiff held the legal title, the beneficiaries, if they possessed the sole right of direction, had the power to bind both themselves and the trustee in an agreement such as the one before us. (See *People v. Chicago Title & Trust Co.* (1978), 75 Ill. 2d 479, 389 N.E.2d 540, for a discussion of "ownership"

in the context of Illinois land trusts.) The defendants do not argue that the entire contract was null and void because it was not signed by the plaintiff. Under these circumstances, we conclude the plaintiff, acting on behalf of the persons who actually signed the document, had the power to confess judgment.

■ The defendants next argue that the judgment was void because it was confessed on a copy of the original document. The defendants contend that judgment can be confessed only on the basis of an original document. The plaintiff notes, and the record confirms, that the document presented to the court was actually a certified copy of the original. The Agreement had been filed as a public record with the recorder of deeds of Cook County on July 13, 1972. The defendants make no argument as to any infirmities in the instrument; they concede that it was validly executed and they do not dispute the correctness of the certified copy upon which the judgment was confessed.

The only case the defendants rely upon to support this argument is *Follansbee v. Scottish American Mortgage Co.* (1879), 5 Ill. App. 17. We find *Follansbee* inapposite. The *Follansbee* court concluded there was a "failure to prove the execution by the defendant of the warrant of attorney." (5 Ill. App. 17, 23.) There is no issue here concerning the correctness of the execution of the Agreement by the defendants.

■ The defendants also argue their purchase of a tax deed ousted the plaintiff of title and relieved them of any obligation to make further payments under the Agreement because the plaintiff was no longer able to deliver title as it had contracted to do. The defendants rely primarily on *Green v. Dietrich* (1885), 114 Ill. 636, 3 N.E. 800, in support of this argument. We believe the facts in *Green* are inapposite. In *Green* the vendor, unlike the plaintiff herein, never had title to the property in question. The court thus allowed the vendee to assert against his vendor an outstanding title which the vendee had purchased from another party. In the case before us there is no dispute as to the validity of the title possessed by the plaintiff before the tax sale. The general rule, which we believe applicable here, is as follows:

> "[A] purchaser in possession under an executory contract of sale cannot purchase an outstanding adverse title and assert it against his vendor or use it to defeat the vendor's right to the purchase money other than to offset its cost against the amount due [and] the prohibition is extended to include a tax title based on foreclosure of a tax which is the vendor's obligation to pay or assessed before the purchaser went into possession." (3 American Law of Property, §11.35, at 101-02 (1952).)

See also *Lewis v. Ward* (1881), 99 Ill. 525; *Robinson v. Appleton* (1888), 124 Ill. 276, 15 N.E. 761; *Bank of Charleston v. Johnston* (1900), 105 Tenn.

521, 59 S.W. 131; *Cowdry v. Cuthbert* (1886), 71 Iowa 733, 29 N.W. 798.) Therefore, when the defendants purchased the tax deed to the property, that purchase inured to the benefit of the plaintiff and could not be asserted by the defendants against the plaintiff, except to the extent that the plaintiff became obligated to reimburse the defendants for the monies expended.

■■ As a final basis for arguing that the judgment below was void, the defendants submit the plaintiff was guilty of a breach of trust (1) as to the beneficiaries of the first trust and (2) as to the defendants, which estops it from maintaining any claim against the defendants. The defendants assert this breach of trust occurred when the plaintiff, through its agents, insisted on the creation of a new trust which was solely for the benefit of the Devon Bank. We believe this argument is without merit. First, the defendants have no right to assert a breach of a duty which ran to third parties. Second, there was no trust relationship between the plaintiff, as trustee under Trust No. 1396, and the defendants.

In addition to the defendants' arguments that the judgment below was void, their motion and affidavits also set forth two alleged instances of breach of contract; (1) the plaintiff's inaction which resulted in the sale of the 1970 taxes and the subsequent issuance of a tax deed; and (2) the fact that the plaintiff never furnished the defendants with evidence of good and merchantable title, as required by the Agreement. We must consider whether these allegations were sufficient to require the trial judge to grant the motion to open the judgment by confession.

Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276) sets forth the procedure to be followed when a defendant attempts to open a judgment by confession. It provides:

"A motion to open a judgment by confession shall be supported by affidavit * * *. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. * * * If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand * * * the court shall sustain the motion * * * and the case shall thereafter proceed to trial upon the complaint * * *."

In the instant cause the trial court denied the motion to open the judgment, apparently concluding that the defendants had not presented a *prima facie* defense on the merits to the plaintiff's demand.

■■ We do not agree. Well-pleaded allegations of a breach of contract by the plaintiff constitute a *prima facie* defense to the plaintiff's allegation of a default on the part of the defendants. (*Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.) The affidavits and motion allege a breach

of duties on the part of the plaintiff. Breach of a contractual duty results in either a partial or total breach of contract, in the absence of waiver by the defendants. (*Bartels v. Denler* (1975), 30 Ill. App. 3d 499, 333 N.E.2d 640.) "A total breach of contract is a non-performance of duty that is so material and important as to justify the injured party in regarding the whole transaction as at an end." (Corbin on Contracts §946, at 925 (1952); *Anderson v. Long Grove Country Club Estates, Inc.* (1969), 111 Ill. App. 2d 127, 249 N.E.2d 343.) A finding of total breach would mean the plaintiff has no right to a confession of judgment in its favor.

On the other hand, "[a] partial breach by one party * * * does not justify the other party's subsequent failure to perform; both parties may be guilty of breaches, each having a right to damages." (Corbin §946, at 926.) If there has been a partial breach of contract by the plaintiff, and no waiver by the defendants, the issue of damages to the defendant then arises. The purpose of damages is to put the injured party in the position he would have been in had the contract been fully performed. (*Anderson.*) The measure of damages here, assuming partial breach and no waiver, would be the amount expended by the defendants in purchasing the tax deed plus the monetary loss, if any, in having to pay the balance of the contract price immediately, rather than over the term of years which was bargained for. In this regard, the defendants' contention below that they should have been given an immediate credit against the installment payments for their expenditure of $13,337.67 and that they consequently were not in default when the judgment was entered, should also be considered.

For the foregoing reasons the judgment of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.