THOMAS J. LEMPERA *et al.*, Plaintiffs-Appellees, *v.* MATTHIAS KARNER *et al.*, Defendants-Appellants.

First District (5th Division)   No. 78-1606

Opinion filed November 30, 1979.—Rehearing denied January 2, 1980.

Dore & O'Toole, Ltd., of Chicago (John J. O'Toole, of counsel), for appellants.

Kanter & Mattenson, Ltd., of Chicago (David M. Mattenson, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order of the trial court granting specific performance of a contract for the sale of real estate. The sole issue raised is whether the contract was valid. We affirm.

Plaintiffs, Thomas and Nancy Mae Lempera, brought this action against defendants, Matthias Karner, Theresia Karner, Michael J. Dix, Sr., Michael J. Dix, Jr., Matthew Dix, and Theresa Dix, seeking, among other relief, specific performance of a contract entered into between plaintiffs and the Karners. The record indicates that on August 4, 1976, plaintiffs signed an agreement to purchase from the "owners of record" certain property located in Burbank, Illinois, for $29,900. The terms of payment included provisions that $2,990 would be paid as earnest money and deposited with owners' agent, Sireles Realty. The agreement also provided that if it were not accepted by the owners within five days of August 4, the agreement would be null and void and the earnest money deposit would be returned to plaintiffs. Matthias and Theresia Karner, the undisputed record owners of the property, signed and telegraphed their acceptance of the contract on August 10. On August 16, plaintiffs deposited their earnest money with Sireles Realty and on August 20, they applied for a mortgage from Midland Savings and Loan Association.

On October 27, the Karners contracted to sell their Burbank property to their son-in-law, Michael J. Dix, Sr.[1] Upon hearing of this contract, plaintiffs' attorney wrote to the Karners and informed them that such a

---

[1] Defendants, Michael J. Dix, Jr., Matthew Dix, and Theresa Dix are the children of Michael J. Dix, Sr. They claim a beneficial interest in the purchased property.

contract violated their earlier contract with plaintiffs. He insisted that they perform their contract with plaintiffs. On November 5, plaintiffs recorded an "Affidavit of Interest Claimed in Real Estate" on the Burbank property with the recorder of deeds. Nonetheless, on December 11, the Karners conveyed the Burbank property to Dix.

The case went to trial on May 31, 1978. On June 5, only one day before the conclusion of the trial, defendants, Michael J. Dix, Jr., Matthew Dix, and Theresa Dix, filed a motion to dismiss on grounds that the contract was null and void because the Karners had not accepted the contract until after the five-day acceptance period. On June 21, the trial court entered its order granting specific performance. Only defendants Michael J. Dix, Jr., Matthew Dix, and Theresa Dix appeal.

OPINION

Defendants contend that the contract was null and void because it had not been accepted until after the five day acceptance period had passed. Plaintiffs, on the other hand, contend that the parties waived the five-day acceptance period by engaging in a course of conduct which indicates their desire and intent to be bound by the contract. We agree with plaintiffs' contention.

■■ ■ A waiver is an " 'intentional relinquishment of a known right.' " (*Allstate Insurance Co. v. National Tea Co.* (1975), 25 Ill. App. 3d 449, 461, 323 N.E.2d 521, 529, and cases there cited.) Parties to a contract may waive a provision placed in the contract for their benefit. (See *Bartels v. Denler* (1975), 30 Ill. App. 3d 499, 333 N.E.2d 640.) Waiver is often demonstrated by conduct indicating that strict compliance with the provisions of a contract will not be required. *Bartels.*

■■ The conduct of both parties in this case indicates a waiver of the five-day acceptance period. Plaintiffs exhibited an intention and desire to waive the five-day acceptance period when they deposited their earnest money with the Karners' real estate agent in accordance with the terms of the agreement and when they applied for a mortgage on the Burbank property. Both of these acts occurred after the Karners had signed the agreement, and they both must be construed as indicating an intention to carry out the contract. The Karners exhibited their intention to waive the five-day acceptance period when they both signed and telegraphed their acceptance of the contract on August 10. Despite the fact that their acceptance occurred one day after the contractual acceptance period had passed, we cannot but place great weight on their acceptance after that period. Also, we place great weight on the facts that the Karners did not ever authorize their real estate agent to return plaintiffs' earnest money and that they did not ever attempt to withdraw their acceptance of the agreement. In fact, none of the defendants raised the failure to accept

within the contractual time period as grounds for the invalidity of the contract until June 5, 1978, only 16 days before the court entered its order in this case. Such failures on the part of the Karners and/or the other defendants must be interpreted to mean that they were satisfied with the contract.

Since the parties waived the five-day acceptance period provision and since there are no other grounds for finding the contract between plaintiffs and the Karners invalid, we find that the contract was valid. Therefore, the trial court's order granting specific performance will be affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.