SAM A. SIANIS, Plaintiff-Appellee, v. SUSAN KAY KETTLER *et al.*, Defendants (Donald F. Colby, Defendant-Appellant).

First District (2nd Division)   No. 87—0697

Opinion filed April 19, 1988.

Max Earl Sherman, of Chicago, for appellant.

William T. Regas and Leslie P. Poole, both of Park Ridge, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Sam Sianis, filed a joint action for possession and rent under the Forcible Entry and Detainer Act against defendants Susan Kay Fashions, Inc. (hereinafter Corporation), Donald F. Colby (hereinafter Colby), and others. (Ill. Rev. Stat. 1985, ch. 110, par. 9—209.) After a bench trial, judgment was entered in favor of plaintiff and against the Corporation and Colby for possession. No appeal has been taken by either defendant on this count. The trial court found that an oral month-to-month lease for commercial property in Skokie, Illinois, existed between the plaintiff and Colby. Therefore, judgment for past-due rent was entered in favor of plaintiff and against Colby in the sum of $14,350 plus costs. Defendant Colby appeals.

This action involves the store premises at 3444-46 and 3462 West Dempster Avenue in Skokie, Illinois. Colby's defense is that the lease was between the Corporation and the plaintiff. The Corporation filed a responsive pleading admitting the tenancy and the delinquency in rent. Colby argues that the judgment of the trial court is against the manifest weight of the evidence and, therefore, must be reversed. At trial, defendant Colby and the Corporation were represented by the same attorney.

### I

■ At a trial without a jury, where the testimony is contradictory, the determination of the credibility of witnesses and the weight to be accorded to their testimony are matters for determination by the trial court, and its findings will not be disturbed on appeal unless they are manifestly against the weight of the evidence. (*Northern Trust Co. v. City of Chicago* (1954), 4 Ill. 2d 432, 436, 123 N.E.2d 330.) On appeal, the judgment is presumed to be correct and the burden is upon the party assigning error to establish such error. (*Sims v. Chicago Transit Authority* (1955), 7 Ill. App. 2d 21, 28, 129 N.E.2d 23.) It is not the province of the reviewing court to search the record for the purpose of discovering error. (*Lester v. Bugni* (1942), 316 Ill. App. 19, 26, 44 N.E.2d 68.) Here, the record supports the trial court's

determination and it is not against the manifest weight of the evidence.

## A

At the bench trial conducted on October 14, 1986, plaintiff testified that he was the landlord and that on or about March 1985, he met with Colby and leased the premises in question to him on an oral month-to-month basis. At this first meeting, Colby gave plaintiff a check for $1,100 drawn on Colby's personal account. On its face, the check had the following notation: "Rent—April '85—3444 Dempster." Other personal checks of Colby's were also used to pay rent. Plaintiff testified that Colby was the only person with whom he dealt. He was not aware of any Corporation. When the rent was delinquent, he discussed the matter with Colby. The Corporation was formed on August 29, 1985, months after the initial meeting with Colby. Some rent checks were drawn on the Corporation account, after it was formed, but they were always signed by Colby. There also was evidence of the use of Colby's personal checks for rent even after the Corporation was formed.

Colby was the only witness for the defense. He testified that he first met the plaintiff at the Billy Goat Tavern in Chicago in December 1984. His version was that he met plaintiff to talk about leasing the premises to the Corporation which was going to be formed. He admitted, however, that nothing appeared on his personal checks to show that payment was being made other than in his individual capacity. There was no endorsement or any note or memorandum indicating that payment was on behalf of a corporation to be formed or an existing corporation.

Defendant Colby testified that all rental payments made with his personal checks were reimbursed by the Corporation. However, none of the reimbursement checks were produced or offered in evidence.

Colby has failed to meet his burden on appeal. According to his own testimony, he first discussed the matter with plaintiff in December 1984. He claims to be the agent for a disclosed principal, the Corporation, from the very outset. Yet, the Corporation did not come into existence until about eight months later, on August 29, 1985. Colby, an experienced businessman, did not present a scintilla of documentary or corroborating evidence to support his theory. On the contrary, the documentary evidence corroborates the determination of the trial court.

## B

Colby contends that a condition precedent to the entry of a money judgment against him requires that he be served with a proper five-day notice pursuant to Section 9—209 (Ill. Rev. Stat. 1985, ch. 110, par. 9—209), entitled "Demand for rent—Action for possession." It provides that at any time after rent is due, the landlord shall notify the tenant in writing that "unless payment is made within a time mentioned in such notice, not less than 5 days after service thereof, *the lease will be terminated."* (Emphasis added.) It then continues that if the tenant fails to pay the rent due, *"the landlord may consider the lease ended, and sue for *** possession"* under forcible entry and detainer or ejectment without further notice or demand. (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 9—209.

Count I was an action for possession under the Forcible Entry and Detainer Act. Obviously, the requirement of a statutory five-day notice applies. However, neither defendant Colby nor the Corporation took an appeal from the judgment for possession. Therefore, any alleged defect in the notice is not properly before this court.

Counsel for Colby concedes that if the plaintiff merely sued for the past-due rent, he would not be required to serve a five-day notice on the defendant. However, he argues that since the plaintiff elected to sue for both possession and rent under section 9—209, the notice is also essential to maintain the action for rent. We disagree.

■■ In section 9—209, the legislature dealt with an "action for possession" and required a "Demand for Rent" as a condition to recovering possession. It then added the joinder provision, "A claim for rent may be joined in the complaint, and a judgment obtained for the amount of rent found due, in any action or proceeding brought, in an action of forcible entry and detainer for the possession of the leased premises, under this section." Ill. Rev. Stat. 1985, ch. 110, par. 9—209.

Modern civil practice encourages the joinder and consolidation of actions in the interest of more speedy justice and judicial economy. *(People ex rel. Pope County v. Shetler* (1943), 318 Ill. App. 279, 47 N.E.2d 732.) The legislature intended to promote judicial economy by authorizing joinder. It did not intend to burden an action for rent with a notice requirement, which would not be necessary if the action was maintained separately. An action *for rent* is founded upon an express or implied contract. *(Fender v. Rogers* (1901), 97 Ill. App. 280, 282.) It should not be burdened by a statutory notice that is required in an action for *possession.*

Colby's remaining arguments deal with a dispute regarding a set-

off for certain repairs. It is not necessary to burden this opinion with such details. Our review of the record supports the determination of the trial court.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., and SCARIANO, J., concur.