EVANGELINE CABALLERO, Plaintiff-Appellee, v. PRENTISS ROYSTON *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—90—0719

Opinion filed September 9, 1991.

Jesmer & Harris, of Chicago (William A. Jaeger, of counsel), for appellants.

Michael C. Goode, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, plaintiff Evangeline Caballero was awarded $53,735.82 against defendants Prentiss Royston and the Yellow Cab Company for personal injuries she suffered when a cab, driven by Royston, struck her automobile.

We affirm.

The incident at issue occurred on December 13, 1981, at approximately 5 p.m. Plaintiff established at trial that, at that time, she was

driving northbound on Wolcott Avenue in Chicago. Wolcott is a two-way residential street with a white line dividing northbound and southbound traffic. She made a left-hand turn into an alley on the west side of Wolcott. Finding the alley blocked, she intended to back out of the alley and proceed southbound on Wolcott. Before backing out of the mouth of the alley, she looked first north to the lane for traffic travelling southbound on Wolcott and then to her left, south, for northbound traffic. Her vision was not obstructed by cars parked along the street. Observing no traffic, she backed out of the alley, continuing to look in both directions. At no time did her car protrude into the northbound lane. She made a turn out of the alley, applied the brake, and was shifting to proceed forward when a northbound cab, driven by Royston, struck her automobile, while stopped, on the driver's side. She did not see the cab until it was approximately 15 feet away from her. At the time of the accident there was no accumulated snow covering the street.

Edgar Vazquez, plaintiff's husband's nephew, who was in plaintiff's car at the time of the accident, corroborated plaintiff's testimony that the automobile was stopped at the time of the collision and did not protrude into the northbound lane.

Elizabeth Zia witnessed the collision. Through an evidence deposition, Zia established that plaintiff looked to the right, north, when she backed out of the alley, but not to the south. Although Zia stated that the cab did not stray from the northbound lane, Zia also stated at least part of the cab's front end was on the "wrong" side of the road at the time the cab struck plaintiff's car. She estimated the speed of the cab at approximately 15 miles per hour, adding that the cab did not slow down as plaintiff continued to back out of the alley.

Prentiss Royston established that as he drove north on Wolcott he was in the middle of the street, but was "mostly to the right." He first noticed plaintiff's automobile when his cab was approximately 15 feet away. He estimated his speed to be 15 to 20 miles per hour at the time of the accident.

After considering the evidence, the jury determined defendants 100% negligent.

Defendants' first contention on appeal concerns the appearance at trial of plaintiff's treating physician, Dr. Meisels. Prior to opening statements, plaintiff's counsel presented a motion to continue the trial for one day to take a video evidence deposition of Meisels because scheduling conflicts prevented him from testifying in person. Following consultation, off record, with both counsel, the trial judge

asked whether defendants' counsel had any objection to taking the deposition. Defendants' counsel did not object, and trial commenced.

Later, in a sidebar during presentation of plaintiff's testimony, the trial judge, in the presence of defendants' counsel, inquired as to whether he, the judge, might attempt to contact Meisels to testify in court. The trial judge caused a telephone call to be placed to Meisels and thereafter advised counsel that Meisels' nurse had indicated Meisels would be present in court the following afternoon.

Defendants now argue that, in contacting Meisels, the trial judge sacrificed his impartiality and prejudiced defendants.

The record does not support defendants' argument. In volunteering to contact Meisels, the trial judge was merely attempting to expedite trial proceedings by obviating the need for a video evidence deposition which would necessitate recess of the trial for a day. Moreover, defendants' counsel was present when the trial judge volunteered to contact Meisels and did not voice the slightest objection to the trial judge's suggestion to do so. In light of the absence of any such objection, defendants have waived the right to complain of the trial judge contacting Meisels. See *Ragen v. Bennigsen* (1956), 10 Ill. App. 2d 356, 135 N.E.2d 128.

Defendants also contend the trial judge abused his discretion in denying defendants' motion for a directed finding based on plaintiff's alleged negligence in backing her car out of the alley without looking for oncoming traffic or failing to see the cab. Defendants argue that that ruling was improper considering plaintiff's testimony in light of sections 11—906 and 11—1402 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, pars. 11—906, 11—1402). Section 11—906 provides that a driver of a vehicle about to enter a highway from an alley shall yield the right of way to approaching vehicles. Section 11—1402 prohibits drivers of vehicles from backing out into a highway unless such movement could be made with safety.

The evidence simply cannot support defendants' assertion that the trial judge abused his discretion in not granting a directed finding in defendants' favor. Plaintiff's testimony was that she looked both ways as she attempted to back out of the alley and that her car was not in the northbound lane when the northbound cab struck her car. That testimony alone is sufficient to provide a basis for the denial of defendants' motion. Further, the verdict indicates the jury believed plaintiff's testimony and discounted evidence to the contrary. Plaintiff's testimony established compliance with the above code sections.

Defendants next contend the trial judge improperly permitted the jury to be instructed pursuant to Illinois Pattern Jury Instructions,

Civil, No. 20.02 (2d ed. 1971), as amended, over defendants' objection. That instruction directed the jury to find for the plaintiff if it determined the cab was operated at an improper rate of speed. Defendants argue that no witness established that Royston was operating the cab at excessive speed.

■■ The record indicates that after participating in an attempt to resolve language in the instruction which he found unacceptable, defendants' counsel approved the instruction, as amended. Therefore, defendants may not now challenge the instruction. Additionally, a jury instruction is justified if it is supported by some evidence in the record, and the trial court has discretion to determine which issues have been so raised. (*Beiermann v. Edwards* (1990), 193 Ill. App. 3d 968, 550 N.E.2d 587, *appeal denied* (1990), 132 Ill. 2d 543, 555 N.E.2d 374.) The trial judge did not abuse his discretion in the instant case. Royston's own testimony established that, despite attempts to brake the cab, it collided with plaintiff's automobile with a significant amount of force, thus supporting the instruction regarding the speed of the cab.

■■ Defendants lastly contend the verdict was against the manifest weight of the evidence.

Plaintiff's testimony established that, while proceeding only after checking for oncoming traffic, her car was struck by the northbound cab driven by Royston while her car was in the southbound lane as she attempted to back out of the alley. That testimony is sufficient to support the jury's verdict. (See *Trident Industrial Products Corp. v. American National Bank & Trust Co.* (1986), 149 Ill. App. 3d 857, 501 N.E.2d 273.) The fact that conflicting evidence, apparently discounted by the jury, may exist in the record provides no reason to disturb the jury's determination. *Sianis v. Kettler* (1988), 168 Ill. App. 3d 1071, 523 N.E.2d 157.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.