ROBERT BARKER *et al.*, Plaintiffs-Appellees, v. LEWIS LEONARD, Defendant-Appellant.

First District (4th Division) No. 1—93—0859

Opinion filed May 19, 1994.—Rehearing denied June 22, 1994.

Larry M. Wolfson and Timothy J. Chorvat, both of Jenner & Block, of Chicago, for appellant.

Burditt & Radzius, Chartered, of Chicago (C.D. Kasson and William D. Smart, Jr., of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Robert Barker and Theodore Lieblich (hereinafter collectively Barker), entered into an agreement with defendant, Lewis Leonard, to sell their rights to an apartment project. Barker had previously purchased the rights to the project from the Saul Cohen Management Corporation (hereinafter seller). Under Barker's agreement with Leonard, Leonard agreed to pay him the acquisition cost of the property, the anticipated renovation cost, and the cost of Barker's rights to the property. Leonard failed to obtain the necessary financing and Barker filed a breach of contract action in the circuit court of Cook County based on Leonard's failure to pay the amount due under the agreement. After a bench trial, the trial court

entered a judgment order in the amount of $634,362.07 in favor of Barker.

On appeal, Leonard contends the trial court erroneously found that he waived a condition precedent in the parties' agreement whereby he was only obligated to Barker after he obtained the necessary financing to acquire the property, to rehabilitate the property, and to pay Barker.

We affirm.

On August 6, 1986, Barker purchased the rights to the Marina Dunes Apartment complex (hereinafter the property) from the seller for $1,508,000. In November of that year, Barker engaged in discussions with Leonard regarding Leonard's possible acquisition of the property from the seller.

On January 22, 1987, Leonard entered into a written agreement (hereinafter agreement I) to purchase the property from the seller for $1,690,972 wherein the seller agreed to provide partial financing via two mortgages totalling $765,000. Leonard obtained a mortgage on his home to secure the balance of the purchase price. The closing date of this agreement was June 3, 1987, at which time Leonard acquired the property.

Five days after agreement I was executed, Leonard entered into a separate agreement (hereinafter agreement II) with Barker. Agreement II obligated Leonard to pay Barker "$2,200,000 less any and all costs incurred to acquire the Premises" and Barker was to receive this amount at closing "provided that Leonard obtain a mortgage loan in the amount of $4,500,000." If this financing was not obtained, clause 5 obligated Leonard to pay Barker as follows:

"1. $150,000 in cash at closing.

2. One-half the remaining balance within five months after closing.

3. The balance, if any, on or before December 31, 1987."

Clause 6 of agreement II further provided:

"This agreement is contingent upon Leonard obtaining a mortgage loan commitment in the amount necessary to satisfy the obligations herein and for rehabilitation expenditures, upon such terms and conditions as are reasonable, within 30 days of the execution herein or within such period allowed in the contract between Leonard and the sellers, which ever date is later."

At the time of acquisition, the property was in need of extensive renovation and Leonard estimated the cost of rehabilitation to be approximately $6 million. Although he was unable to raise the necessary financing to rehabilitate the property, he was able to satisfy the first mortgage due the seller totalling $265,000. Regarding the second

mortgage, he was granted several extensions but was only able to pay $20,000 towards the $500,000 total. Ultimately, the remaining mortgage was foreclosed upon. Leonard never paid Barker the amount due under agreement II.

Barker accordingly filed an action in the circuit court of Cook County seeking recovery of $509,028, the difference between the $2,200,000 specified in agreement II and the price at which Leonard purchased the property, plus interest thereon. Barker alleged that upon Leonard's acquisition of the property on June 3, 1987, Leonard's obligation to pay him arose. Following a bench trial, the trial court entered a judgment order in the amount of $634,362.07 pursuant to the payment guidelines contained in clause 5 plus costs. Leonard appeals.

Leonard solely opines that the trial court erroneously ruled he waived a condition precedent in clause 6 of agreement II whereby his obligation was contingent upon his obtaining financing to acquire the property, to rehabilitate the property, and to pay Barker.

■ Parties who enter into contracts may waive provisions beneficial to them. (*Lempera v. Karner* (1979), 79 Ill. App. 3d 221, 223.) Actions indicating that strict compliance with a particular provision will not be required may be evidence of such waiver. (*Lempera*, 79 Ill. App. 3d at 223.) Further, an implied waiver of a legal right may be found if the actions of the person against whom the waiver is maintained are inconsistent with anything other than an intention to waive such right. *Kane v. American National Bank & Trust Co.* (1974), 21 Ill. App. 3d 1046, 1052.

Clause 6 of agreement II explicitly provided that the agreement was "contingent upon Leonard obtaining a mortgage loan commitment in the amount necessary *** within 30 days of execution herein or within such period allowed in the contract between Leonard and the sellers, whichever date is later." Clause 3(c) of agreement I with seller, executed on January 22, 1987, included a similar contingency provision: "This contract is contingent upon purchaser securing within 45 days of acceptance hereof a mortgage commitment ***." Construed together, Leonard had 45 days subsequent to agreement I's execution, approximately March 8, 1987, either to raise the financing or to cancel as this date is later than the 30 days specified in agreement II.

Throughout the period after the execution of agreement II, Leonard stated that he, to no avail, consistently attempted to obtain the entirety of the financing for the property. Eventually the 45-day period elapsed, Leonard having failed to exercise his option to cancel. On June 3, 1987, approximately four months after the execution of

the agreements, Leonard obtained ownership of the property. It is at this point that Barker asserts Leonard's obligation to pay him arose. Leonard testified that he never advised Barker of his belief that agreement II was terminated as a result of his failure to obtain the necessary financing.

Leonard maintains clause 6 of agreement II relieves him of his obligation to pay Barker because he was not able to raise the totality of the specified financing. The trial court disagreed, finding:

> "In my view, clearly this defendant went ahead and took the risks involved with going ahead. He got the benefits of the bargain. Mr. Barker performed on his part; the plaintiffs performed. When the defendant did not back out or cancel but went ahead beyond the 45 days and then when the defendant closed, clearly he waived the protection of this provision in Clause No. 6, under this contract he must pay."

■ Leonard clearly had the option of exercising his rights under clause 6, effectively cancelling his obligation to pay Barker. He declined to do this, however, and instead proceeded to raise the funds necessary to purchase the property from the seller and to close the transaction. The trial court interpreted Leonard's conduct as an indication of his intent to waive the clause releasing his obligation to pay under the agreement.

As the trial court is in the best position to assess the credibility of witnesses, its judgment will not be disturbed unless it is contrary to the manifest weight of the evidence. (*Bodine Sewer, Inc. v. Eastern Illinois Precast, Inc.* (1986), 143 Ill. App. 3d 920, 925.) "On appeal, the judgment is presumed to be correct and the burden is upon the party assigning error to establish such error." (*Sianis v. Kettler* (1988), 168 Ill. App. 3d 1071, 1072.) We do not believe Leonard has established that the trial court's determination was against the manifest weight of the evidence and, accordingly, we will not disturb its judgment.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOFFMAN and THEIS, JJ., concur.